# State of Vermont v. Bruce R. Ladd

[433 A.2d 294]

No. 265-80

Present: Barney, C.J., Larrow, Billings, Hill and Underwood, JJ.

Opinion Filed June 2, 1981

*Thomas F. Garrett,* Vermont Legal Aid, Inc., Burlington, for Defendant.

**Larrow, J.** The defendant in the present case appeals from an order of the district court which admitted him to the custody of the Commissioner of Mental Health for hospitalization. Although the defendant has been released, the conditions attached to his release have prevented the case from becoming moot. *Morales* v. *Schmidt,* 489 F.2d 1335, 1336

(7th Cir. 1973). See also *State* v. *O'Connell*, 136 Vt. 43, 45, 383 A.2d 624, 625 (1978).

The defendant was originally arraigned on a charge of setting a grass fire in violation of 13 V.S.A. § 508. The defendant was then committed to the Vermont State Hospital for a sixty day psychiatric evaluation. 13 V.S.A. §§ 4814, 4815.

Upon completion of the evaluation the court sat to determine whether the defendant was competent to stand trial. Before hearing any evidence on the issue of competency the court appointed a guardian ad litem for the defendant. The testimony of the examining psychiatrist established that the defendant was competent to stand trial, and the court so found. However, despite the finding of competence the guardian ad litem was not discharged.

The court then proceeded to determine whether the defendant was in need of hospitalization. 13 V.S.A. § 4820(1). The examining psychiatrist testified that the defendant was insane at the time of the offense. The examining psychiatrist testified further that in his opinion the defendant had a mental illness and was a danger to himself. The danger perceived was that the defendant would not seek medical care and would act in a fashion contrary to good judgment which would in turn cause mental deterioration.

The court later that same day issued findings, which in substance merely recited the diagnostic label used by the psychiatrist, combined with statutory language from 18 V.S.A. § 7101(17) which establishes the standard to be used in determining whether hospitalization is required. 13 V.S.A. § 4822(a). The court found that the defendant was "mentally ill-paranoid schizophrenic" and that as a result of that illness he posed a danger of harm to himself. The court also found that there was no alternative to hospitalization.

The court committed error in this regard. These findings are inadequate. It is the duty of the court in making findings to state facts, not conclusions. *State* v. *O'Connell, supra,* 136 Vt. at 46, 383 A.2d at 626; *Krupp* v. *Krupp,* 126 Vt. 511, 513, 236 A.2d 653, 655 (1967). Mere recitations of diagnostic

labels combined with pertinent statutory language will not suffice. Whether this error would alone justify reversal need not be decided, however, because a more fundamental error appears.

 The court in the present case failed to discharge the guardian ad litem despite a finding of competency. In light of the role of the guardian ad litem as the protector of the rights of infants and incompetents involved in court proceedings, see 14 V.S.A. § 3066, V.R.C.P. 17(b), continued retention was clearly improper. The retention of a guardian ad litem for a competent adult seriously impinges upon the defendant's rights to due process guaranteed by the United States Constitution. U.S. Const. Amend. 14. Although no objection was made by defense counsel, the procedure here constitutes the glaring error of which we spoke in *State v. Kasper,* 137 Vt. 184, 191, 404 A.2d 85, 89 (1979), reviewable even in the absence of an objection.

*The order issued by the District Court of Vermont, Unit No. 4, Essex Circuit, admitting the appellant to the custody of the Commissioner of Mental Health for hospitalization is hereby vacated.*