### State of Vermont v. James J. Hackett

[446 A.2d 369]

No. 128-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed April 19, 1982

224

*David G. Miller,* Franklin County State's Attorney, and *Marianne Lipscombe,* Deputy State's Attorney, St. Albans, for Plaintiff.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Nancy E. Kaufman,* Montpelier, for Defendant.

**Underwood, J.** The defendant appeals an order of the trial court which hospitalized him under the custody of the Commissioner of Mental Health. The defendant seeks to have the order of hospitalization vacated on grounds that (a) the court erred by appointing a guardian in the first instance and then erred again by not dismissing her once competency was established; (b) the court's findings of fact were inadequate to support its conclusion that the defendant was a person in need of treatment; and (c) the information charging the defendant was defective, thereby depriving the court of jurisdiction to conduct a hospitalization hearing pursuant to 13 V.S.A. § 4820. Given our disposition of the first issue, we need not reach the last two.

The prosecution was commenced by a felony information charging the defendant with maliciously threatening another with injury to his person or property with the intent to extort money. 13 V.S.A. § 1701. The basis for this charge was an alleged telephone call from the defendant at Champlain, New York, to a former schoolmate at St. Albans, Vermont, threatening to "riddle his house with lead" unless the ex-schoolmate wrote down a certain message and also telegraphed the sum of $1,000 to the defendant.

Finding that defendant's mental competence to stand trial and his sanity at the time of the alleged offense were in issue, the court below ordered a psychiatric examination pursuant to 13 V.S.A. § 4814. The examining psychiatrist submitted a report concluding that the defendant was insane at the time of the alleged offense, and was still insane, but was competent to stand trial.

The defendant thereupon moved for dismissal of the charges pursuant to V.R.Cr.P. 12(e) (1) on the ground that the State could not prove an essential element of the alleged offense—that the defendant was sane at the time of the commission of the felonious act—and therefore would be unable to make out a prima facie case against him.

Responding to the psychiatric report, the court set the date for a hospitalization hearing pursuant to 13 V.S.A. § 4820, and the parties agreed that the court at the same time hear and decide the defendant's motion to dismiss for lack of a prima facie case. The threshold question of the defendant's competency to stand trial was never directly addressed by the court, but was always subliminally present during the hearing on the first two issues. At the outset of the hearing, for example, the court noted the presence of the defendant and his attorney, and a woman referred to by the court as a guardian ad litem. There is no record, however, that the court ever formally appointed her as the defendant's guardian at any time either prior to or during the proceedings.

The hearing was not conducted in seriatim fashion, that is, the evidence was not presented and a determination made first of the competency of the defendant to stand trial, then of his sanity at the time of the alleged offense and finally, of his need for hospitalization. Instead the procedure followed by the court was to permit the psychiatrist to be called as

the State's first and only witness. His testimony and his written report were each received in evidence as to all three issues—competency, sanity and the need for hospitalization. See 13 V.S.A. §§ 4816, 4817, 4820. He testified extensively about his examination of the defendant, and gave his opinion as to competency, sanity and hospitalization based on that examination and his specialized knowledge in the field of psychiatry. Specifically the psychiatrist testified that the defendant was insane at the time of the alleged offense and, although still insane, was competent to stand trial. He was, according to the doctor, a danger to others and therefore in need of hospitalization. 13 V.S.A. § 4822(a); 18 V.S.A. § 7101(17).

Following the psychiatrist's testimony, and before a determination of any of the issues by the court, the defendant, against his attorney's advice, asked to take the stand to testify on his own behalf. The trial judge then sought the recommendation of the putative guardian ad litem. She said that she thought the defendant would hurt himself by taking the stand. This was the full extent of the guardian's participation in the proceedings as disclosed by the record.

After cautioning the defendant that his attorney and the guardian ad litem both advised against taking the stand, and urging him to seriously consider their advice, the judge allowed the defendant to testify. What followed was a confused, rambling diatribe by the defendant.

The defendant argues that the court erred both by appointing a guardian ad litem in the first place, and then by failing to dismiss the guardian ad litem once competency was established. This argument assumes that a guardian was appointed, and that competency was established. The State, in an argument seemingly at war with itself, claims that competency was never established, that the presence of the guardian was justified by the defendant's unstable psyche, and that in any event the participation of the guardian didn't change the course of the proceedings.

 A competent defendant may act for himself when dealing with his attorney and cannot be required to acquiesce in the appointment of a guardian ad litem to act for him, even at a hospitalization hearing. *State* v. *Ladd*, 139 Vt. 642,

644, 433 A.2d 294, 295–96 (1981). Upon a finding that defendant is unable to communicate effectively with his attorney, however, appointment of a guardian is mandatory. *Id.;* 14 V.S.A. § 3066.

When the issue of competency is in doubt, as here, caution dictates that the procedure used by the trial court in *Ladd* be followed. There, before hearing any evidence on the issue of competency, the court appointed a guardian ad litem for the defendant. *State v. Ladd, supra,* 139 Vt. at 643, 433 A.2d at 295. See also 13 V.S.A. §§ 4814(a)(3), (b), 4817(b) (guardian or other person acting on behalf of the defendant may raise the issue of his competency to stand trial).

Moreover, when competency is put in issue, it should be determined first, as in *Ladd,* rather than left hanging in limbo. To do otherwise would violate the requirements of 13 V.S.A. § 4817. Section (a) of that statute prohibits trying an incompetent for a criminal offense. Section (b) provides that when competency is raised any time between the charge and final judgment, a hearing is to be held and the issue determined. The clear import of these sections is that competency is to be established before further proceedings, guaranteeing a competent defendant the right to consult with his own lawyer, and guaranteeing that incompetent defendants will not be tried, and that they will be properly represented at any subsequent hospitalization hearing. *State v. Ladd, supra;* 13 V.S.A. § 4820.

In the present case, we are unable to evaluate the defendant's claims because the order appealed from contains no finding as to competency. Nor does the record provide a basis for inferring whether competency was found present or absent, or whether or not the court appointed a guardian.

*Reversed and remanded for the requisite findings.*