## In re Robert Cameron

[453 A.2d 405]

No. 82-007

Present: Barney, C.J., Billings, Hill and Peck, JJ., and Daley, J. (Ret.), Specially Assigned

Opinion Filed November 2, 1982

*Frederick J. Glover,* Ludlow, for Petitioner-Appellant.

*Michael J. Sheehan,* Windsor County State's Attorney, White River Junction, for Respondent-Appellee.

Per Curiam. This is an appeal from an order denying post-conviction relief. The defendant, who had initially pleaded not guilty to one count of aggravated assault and one count of sexual assault in the District Court of Vermont, Unit VI, Windsor Circuit, subsequently changed his pleas to guilty. He applied to the Windsor Superior Court for post-conviction relief, and the court entered an order denying the relief after it found that he was competent to enter pleas of guilty to the charges, that he was competent to participate in sentencing proceedings, and that the pleas of guilty were knowingly and

voluntarily made. We affirm the superior court's denial of relief.

 In this case, "the real issue is whether the defendant voluntarily and intelligently pleaded guilty to the charges. If so, he is bound by his plea." *In re Raymond,* 137 Vt. 171, 180, 400 A.2d 1004, 1009 (1979). Before the district judge accepted the plea change from not guilty to guilty, he properly and carefully followed the requirements of V.R.Cr.P. 11(c) and (d) to assure himself that the plea was made voluntarily and after proper advice.

 However, the defendant now argues that the district court erred in not holding a hearing pursuant to 13 V.S.A. § 4817 to determine whether he was competent to stand trial and, by implication, to change his plea. Prior to the omnibus hearing at which he changed his plea, the defendant had been examined by a psychiatrist who made a determination that he was competent to stand trial. The district judge was aware of the results of this examination when he accepted the guilty plea, and he also had the opportunity during the questioning mandated by V.R.Cr.P. 11(c) and (d) to observe the demeanor of the defendant and to determine that the guilty plea was made voluntarily and intelligently. Moreover, defendant did not raise the issue of competency prior to final judgment as contemplated by 13 V.S.A. § 4817(b). Under the circumstances here, the district judge had no compelling reason to believe that the defendant was not competent or that he did not knowingly and voluntarily enter a guilty plea. We hold that the failure to hold a competency hearing was not error.

Both the district court and the superior court found that the guilty plea was given voluntarily; we will not disturb that finding.

*Judgment affirmed.*