## State of Vermont v. William C. O'Connell

[540 A.2d 1030]

No. 84-409

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed July 24, 1987

Motion for Reargument Denied December 22, 1987

*Kurt M. Hughes*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*David W. Curtis*, Defender General, and *William A. Nelson and Henry Hinton*, Appellate Defenders, Montpelier, for Defendant-Appellant.

**Peck, J.** Defendant was convicted after a court trial of recklessly causing bodily injury in violation of 13 V.S.A. § 1023(a)(1). We affirm.

The trial court found that defendant pushed a woman to the ground as she was walking on Pearl Street in Burlington with a friend. Complainant testified that she saw defendant approaching and moved over to allow him to pass, but that he pushed her to the ground "with enough force as to say that his body or elbow was forcedly thrown forward." As a result of the contact she experienced pain in her face, left eye, and neck. In response to defendant's contention that there were other pedestrians in that area, she testified that there were no other people on the 15-foot sidewalk and there was plenty of room for him to pass without contact.

Having some initial concern for defendant's mental competency, the trial judge, on his own initiative, ordered a psychiatric examination pursuant to 13 V.S.A. § 4814. The report was duly filed; it concluded that, although defendant was mentally disturbed, he was competent to stand trial. The competency issue was not raised by either party prior to or at trial, or at any time before final judgment. Nevertheless, defendant makes the psychiatric report central to his appeal; he asserts it is the sole basis for the trial court's finding that defendant acted recklessly. The report stated in part that defendant "believes that he is a subject of harassment" by women and "has behaved on a number of occasions in an aggressive and assaultive manner towards females." Secondly, defendant argues that the testimony of complainant fell short of demonstrating recklessness, and defendant's "looking the other way may have amounted to simple negligence."

In *State* v. *Hoadley*, 147 Vt. 49, 55, 512 A.2d 879, 882 (1986), we cited the Model Penal Code definition of "recklessly" in the context of 13 V.S.A. § 1023(a)(1), simple assault.[1] Defend-

---

[1] Model Penal Code § 2.02(2)(c) (1985) defines "recklessly":

A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and purpose of the

ant is not correct that complainant's testimony below did not support a finding that defendant consciously disregarded a "substantial and unjustifiable risk" and that his conduct was a "gross deviation" from law-abiding pedestrian conduct. It is true that if the judge, as the trier of fact, believed defendant and did not believe complainant, he might have concluded that the events below constituted mere negligence. But it was the court's function to weigh the conflicting testimony, and it was entirely proper to infer the element of recklessness from the detailed testimony about how the incident occurred, the small likelihood of defendant's conduct having been accidental, and the force and effects of the contact. *State* v. *Sturgeon*, 140 Vt. 240, 244, 436 A.2d 777 (1981); *State* v. *Worrey*, 322 A.2d 73 (Me. 1974). Viewing the evidence most favorably to the State, we conclude that it was sufficient to convince a reasonable trier of fact of defendant's guilt beyond a reasonable doubt. *State* v. *McBurney*, 145 Vt. 201, 204, 484 A.2d 926, 928 (1984); *State* v. *Jaramillo*, 140 Vt. 206, 209, 436 A.2d 757, 759 (1981).

■ Defendant cites 13 V.S.A. §§ 4814 and 4817 as support for his argument that the trial court should have held a competency hearing. Section 4814 does not address the hearing issue, per se; it merely provides the circumstances under which the trial courts "may order the defendant examined by a psychiatrist."[2] However, § 4817(b) reads in part:

> [I]f the court has reason to believe that [defendant] may not be competent to stand trial, a hearing shall be held . . . at which evidence shall be received and a finding made regard-

---

actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a law-abiding person would observe in the actor's situation.

[2] 13 V.S.A. §§ 4814(a)(2) and (a)(4) state:

(a) Any court before which a criminal prosecution is pending may order the defendant examined by a psychiatrist at any time before, during or after trial, and before final judgment in any of the following cases:

. . . .

(2) When the defendant, the state, or an attorney, guardian or other person acting on behalf of the defendant, raises before such court the issue of whether the defendant is mentally competent to stand trial for the alleged offense;

. . . .

(4) When the court believes that there is doubt as to the defendant's mental competency to be tried for the alleged offense.

ing his competency to stand trial. However . . . such hearing shall not be held until an examination has been made and a report submitted by an examining psychiatrist in accordance with sections 4814-4816 of this title.

Defendant refers us to *State* v. *Hackett*, 141 Vt. 223, 446 A.2d 369 (1982). In that case, in addition to other shortcomings which led to reversal, we held it was error when the trial court failed to make findings as to the defendant's competence following a hearing on that issue. However, we think *Hackett* is distinguishable; the case before us is more akin to *In re Cameron*, 142 Vt. 193, 453 A.2d 405 (1982). In the latter case, a change of plea from not guilty to guilty was allowed following the earlier submittal of a psychiatric report bearing on his competency to stand trial. As in the instant case, the trial court did not conduct a hearing on competency, nor was the issue raised by defendant prior to final judgment as contemplated by 13 V.S.A. § 4817(b). The Court added: "Under the circumstances here, the district judge had no compelling reason to believe that the defendant was not competent . . . . We hold that the failure to hold a competency hearing was not error." *Id.* at 194, 435 A.2d at 406.

We think it is implicit in *Cameron*, and, in any event, we now hold that, at least under the following conditions, an evidentiary hearing on competency is not required: (1) the initial doubt as to competency arises with the trial court itself; (2) the order for a psychiatric report is initiated by the trial court based on its own doubt; (3) the report concludes that the defendant is competent to stand trial; (4) the issue of competency is not raised by either party prior to final judgment. These four conditions have been satisfied here; accordingly, we find no error.

*Affirmed.*