## State of Vermont v. Donald Hagen, Jr.

[557 A.2d 493]

No. 88-194

Present: **Allen, C.J., Peck, Gibson, Dooley and Morse, JJ.**

Opinion Filed January 27, 1989

*William T. Keefe, Addison County Deputy State's Attorney,* Middlebury, for Plaintiff-Appellee.

*Richard F. Taylor,* Middlebury, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from a conviction after a court trial of driving while under the influence of intoxicating liquor, 23 V.S.A. § 1201(a)(2). We affirm.

The arrest leading to the conviction followed an accident involving defendant's vehicle and a tractor in Shoreham. Defendant was transported to the Porter Medical Center emergency room due to injuries received in the accident. The principal issue on appeal is defendant's assertion that the trial court erred in rejecting the testimony of his father as not credible. Defendant's father, who was present in the emergency room, testified that he smelled medicinal odors coming from his son. It was his testimony that he believed these smells were mistaken for the odor of alcohol. This testimony contradicted that of the state police officer, who testified that at the time of the accident and arrest defendant smelled of alcohol, his speech was slurred, and his eyes were bloodshot. Defendant contends that his father, who was not cross-examined, was a particularly credible witness, since he was a police officer with twenty-two years of experience and was present with defendant at the emergency room. Nevertheless, the trial court stated that it did "not find the testimony of the defendant's father to be credible." This conclusion was error, according to defendant, because it was unaccompanied by "some finding showing the reasoning of the court in rejecting the testimony, or some other support in the record . . . ."

Defendant's argument finds no support in Vermont law. It is axiomatic in this state that the trier of fact is given the sole determination of the weight of the evidence, the credibility of witnesses, and the persuasive effect of the testimony. *Armstrong* v. *Hanover Insurance Co.,* 130 Vt. 182, 185, 289 A.2d 669, 671 (1972). Given the inherent difficulty in evaluating demeanor, mannerisms, and tone of voice, in addition to the quality of testimony itself, we will review questions of credibility and the weight to be given testimony only in unusual circumstances. *Capital Candy Co.* v. *City of Montpelier,* 127 Vt. 357, 359, 249 A.2d 644, 645-46 (1968). Defendant responds that a finding — here, the court's statement concerning the father's testimony — must be set aside when it is unsupported by any evidence, citing *Bookstaver* v. *Town of Westminster,* 131 Vt. 133, 141, 300 A.2d 891, 896 (1973). We have never applied such a requirement to a court's determination of credibility, which is necessarily based on a judge's discretion and experience and is rarely reducible to a precise formulation, although in the present case the witness's close relationship to defendant would have provided a specific rationale

to consider him an interested witness. See *Scott's Executor* v. *Beland*, 114 Vt. 383, 396, 45 A.2d 641, 648 (1946).

Defendant next contends that the trial court's verdict was against the weight of the evidence, based on the asserted inconsistency in the testimony of a prosecution witness who observed the tractor involved in the accident traveling in its own lane immediately before the collision. Defendant also argues that his conduct at the scene was as likely to have resulted from the injuries he incurred in the accident as from alcohol and that the evidence of intoxication during his hospital treatment was equivocal. At most, defendant builds a base for an alternative factual determination, based on the evidence before the court. But the standard for sufficiency of the evidence is whether the evidence, when viewed in the light most favorable to the State, is sufficient to convince a reasonable trier of fact that the defendant is guilty beyond a reasonable doubt. *State* v. *O'Connell,* 147 Vt. 60, 66, 510 A.2d 167, 170 (1986); *State* v. *Derouchie,* 140 Vt. 437, 445, 440 A.2d 146, 150 (1981). Defendant falls far short of meeting this standard.

*Affirmed.*