### State of Vermont v. David Lawrence Merchant

[790 A.2d 386]

No. 00-417

Present: Amestoy, C.J., Dooley, Morse and Johnson, JJ., and Cook, D.J., Specially Assigned

Opinion Filed December 21, 2001

*William H. Sorrell*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Robert Appel*, Defender General, and *Anna Saxman*, Deputy Defender General, Montpelier, for Defendant-Appellant.

**Amestoy, C.J.** Defendant pled guilty to felony lewd and lascivious conduct and violation of conditions of release. He appeals the Windsor District Court's denial of his motion for a mental health screening and motion for a competency evaluation arguing that the court was required to order a mental health screening at defense counsel's request pursuant to 13 V.S.A. § 4815(d), and that the court should have ordered a competency evaluation because there was reason to believe the defendant may have been incompetent. Defendant further appeals the trial court's denial of his motion to withdraw the plea and finally argues the trial court violated defendant's federal and constitutional rights against self-incrimination by forcing him to testify about the underlying crime. We affirm.

On December 11, 1998, defendant was charged with felony lewd and lascivious conduct for kissing and touching the breast of an elderly patient in the nursing home where he was working as an x-ray technician. Defendant was subsequently charged with one count of violation of conditions of release for moving to New Hampshire without notifying his probation officer. On April 6, 2000, defendant entered into a plea agreement, pursuant to which he pled

guilty to felony lewd and lascivious conduct and to the violation of conditions of release. The prosecution agreed to recommend no more than three to five years to serve; defendant was free to argue for less. The trial court accepted the plea following a Rule 11 hearing, at which defendant admitted to the violations and waived his right to a trial.

On June 29, 2000, defendant filed a motion to withdraw his plea, claiming that at the time of the Rule 11 hearing he did not have sufficient present ability to make a voluntary plea. Defendant also filed a motion for a competency evaluation pursuant to 13 V.S.A. § 4814(a)(2). The motions were heard on August 22, 2000, at which time defendant also filed a third motion for a mental health screening pursuant to 13 V.S.A. § 4815(d).

Defendant testified at the hearing that he had gone into a state of "shock" following his arrival at the courthouse on April 6, 2000, when he learned that the State had refused to reduce the felony charge of lewd and lascivious conduct to a misdemeanor charge, and that his options were to plead guilty to the felony charge and to the violation of conditions of release, or to go to trial as scheduled. Defendant testified that, as a result of this "shock," he had no recollection of discussing the plea agreement with, or obtaining advice from, his attorney. Defendant also testified that he "sometimes" goes into shock "when there is an affront or an assault meant to cause serious harm to him." When this occurs, according to defendant, he is "robotic," or like an "automaton," and it interferes with his ability to comprehend information and to make decisions. He explained that he pled guilty out of panic and his need to escape from the courtroom. In addition, defendant testified that while in this psychological state, he is able to sign his name, drive a car and do "all kinds of things."

Defendant acknowledged that he had kept his tendency to go into shock, and the fact that he did go into shock on April 6, hidden from his attorney. Defendant further stated that he recalled the hearing on April 6, who the judge and the prosecutor were, and that he changed his plea. In addition, he recalled that on that day he went to the Windsor police station to sign in as required by his conditions of release, that in the afternoon he saw his employer and spoke with him about the court proceedings, and that he drove 30 miles back to his home without difficulty. He further recalls calling his girlfriend and expressing disbelief over the court proceedings and the fact that the State had not offered to reduce the charge.

Defendant also testified at the hearing that he had attended group therapy sessions for stress management with Dr. John Corson for approximately five months before the hearing and met with Dr. Corson individually one month before the hearing. He testified that Dr. Corson would support his claim of temporary incompetency at the plea hearing. Dr. Corson did not testify at the hearing, and defendant has not submitted any report from Dr. Corson. However, according to representations made by the attorneys in the case, Dr. Corson had concluded that there was a possibility that the defendant acted out some form of "symbolic suicide" when he entered his plea. The record indicates that Dr. Corson's opinion was based on defendant's recollection of the plea hearing.

As part of his presentencing investigation (PSI), defendant underwent a psycho-sexual evaluation, which included extensive psychological testing. Defendant rejects the results of the psychological tests, the psycho-sexual report, and its conclusions.

At the August 22 hearing, the trial court denied the motion for a mental health screening and for a competency evaluation. Three days later the court issued its written opinion. The court found defendant's testimony to be "self-serving" and "not credible." In its written opinion, the court noted that defendant had participated fully in the Rule 11 colloquy on his change of plea and had failed to present substantial credible evidence to support his claim that he was incompetent when he entered his plea. Without such evidence, the court concluded, defendant had not shown a "fair and just reason" to allow him to withdraw his plea.

On appeal, defendant argues that the trial court erred (1) in declining to order both the mental health screening and the competency evaluation; (2) in ruling that he had not shown a fair and just reason for withdrawing his plea; and (3) in violating his federal and state constitutional rights against self-incrimination by forcing him to testify about the underlying crime during the plea withdrawal hearing.

I

Defendant claims that the trial court abused its discretion in denying his motion for a mental health screening, arguing that once defense counsel raised the issue of competency and requested the screening, pursuant to 13 V.S.A. § 4815(d), the court is required to grant it. He further claims that due process and Vermont law require

that a competency evaluation be ordered where there is reason to believe the defendant may be incompetent. Finally, he asserts that the trial court based its denial of these motions upon the erroneous conclusion that the plea entry constituted a final judgment and that it had no obligation to grant mental health screenings and competency evaluations after final judgment.

We first note that defendant is correct in asserting that the entry of judgment after sentencing constitutes final judgment, not the entry of the plea.[1] In addition, an evaluation for competency may be ordered at any time, "before, during or after trial, and before final judgment." *Id.* § 4814(a). Therefore, the trial court was not precluded from ordering a competency evaluation before final judgment. However, contrary to defendant's claim, it was not required to do so.

Defendant argues that a mental health screening is required once defense counsel requests one, and bases this assertion on the mandatory term "shall" in the statute. The statute reads:

> Upon the making of a motion for examination, the court *shall* order a mental health screening to be completed by a designated mental health professional while the defendant is still at the court.

*Id.* § 4815(d) (emphasis added).

Although this subsection contains mandatory language, read as a whole, 13 V.S.A. § 4815 does not require the court to order an initial mental health screening in order to decide the issue of competency. See *id.* "The determination of whether statutory language is mandatory or directory is one of legislative intent." *In re Mullestein,* 148 Vt. 170, 174, 531 A.2d 890, 892 (1987). Where a statute is merely directory, compliance with the direction is not essential to deem the proceeding valid unless the legislature expresses so, or where the legislative intent is evident in the language. *Id.*

---

[1] Rule 32(b) provides:

> A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence or conditions of deferment thereof. . . . The judgment shall be signed by the judge, and entered by the clerk forthwith. Such entry by the clerk shall be the entry of judgment for all purposes under these rules and the Rules of Appellate Procedure.

V.R.Cr.P. 32(b)

■ Our reading of § 4815 in its entirety confirms that the trial court's decision to order an initial mental health screening is directory, not mandatory. See 13 V.S.A. § 4815. For example, § 4815(e) allows the court to dispense with the initial screening where it cannot be conducted within two hours. In addition, § 4815(f) gives the court discretion to consider the "facts and circumstances surrounding the charge and observations of the defendant in court" in deciding whether the examination is necessary.[2] Because these subsections create instances where the trial court has discretion not to order or use a mental health screening, it is illogical to construe the statute as a bar to the exercise of discretion.

Where a statute's language is directory, compliance is not essential to a proceeding's validity. *In re J.R.*, 153 Vt. 85, 92-93, 570 A.2d 154, 157 (1989). Inasmuch as we find the statute grants discretionary powers to the trial court, we will not set aside the ruling absent abuse of discretion. See *State v. Parker*, 149 Vt. 393, 401, 545 A.2d 512, 517 (1988).

■ Defendant further claims that due process and Vermont law require that a competency evaluation be ordered where there is reason to believe the defendant may be incompetent. However, both Vermont statutory and case law support the conclusion that the trial court's determination to order a competency evaluation is discretionary. The trial court has a duty to order a psychiatric examination and conduct a competency hearing only where the court has reason to believe that such person may be incompetent.[3]

---

[2] The section provides:

> The court and parties shall review the recommendation of the designated mental health professional and consider the facts and circumstances surrounding the charge and observations of the defendant in court. If the court finds sufficient facts to order an examination, it may be ordered to be completed in the least restrictive environment deemed sufficient to complete the examination.

*Id.* § 4815(f).

[3] Section 4817(b) states:

> If a person indicted, complained or informed against for an alleged criminal offense, an attorney or guardian acting in his behalf, or the state, at any time before final judgment, raises before the court before which such person is tried or is to be tried, the issue of whether such person is incompetent to stand trial, or if the court has reason to believe that such person may not be competent to stand trial, a hearing shall be held before

Although neither § 4815 nor § 4817 provide specific factors that should be considered in determining whether a competency hearing should be ordered, the United States Supreme Court has held that the inquiry regarding competency of a defendant should include "evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence to stand trial." *Drope v. Missouri*, 420 U.S. 162, 180 (1975). Competency to enter a guilty plea depends on whether the defendant has " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' " and has a " 'rational as well as factual understanding of the proceedings against him.' " *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960) (per curiam)).

Accordingly, we have previously held that the trial court has discretion to make the determination whether to order an evaluation on the basis of the evidence before it. See *State v. Welch*, 159 Vt. 272, 277, 617 A.2d 427, 430 (1992); see also *In re Cameron*, 142 Vt. 193, 194, 453 A.2d 405, 406 (1982) (no error in refusing to order competency hearing where court had no compelling reason to believe that defendant was not competent or that he did not knowingly and voluntarily enter a guilty plea).

Given that the trial court had discretionary powers to order a mental health screening and a competency evaluation, we review to determine whether there was an abuse of that discretion. "To support a claim of abuse of discretion, defendant must show that the court's discretion was either totally withheld or exercised on grounds clearly untenable or unreasonable." *Parker*, 149 Vt. at 401, 545 A.2d at 517 (internal citations omitted). This burden is heavy and therefore will not easily be satisfied. *Id.*

■ In the present case, the evidence neither establishes nor supports a finding of incompetency. The mere assertion on defendant's part that he was in a state of shock is insufficient to establish incompetency, particularly in light of the weight of the

such court at which evidence shall be received and a finding made regarding his competency to stand trial. *However, in cases where the court has reason to believe that such person may be incompetent to stand trial due to a mental disease or mental defect, such hearing shall not be held until an examination has been made* and a report submitted by an examining psychiatrist in accordance with sections 4814-4816 of this title.

*Id.* § 4817(b) (emphasis added).

evidence indicating that he was competent. The trial court was able to observe the defendant's demeanor and behavior at the time of the Rule 11 hearing and found his plea to be knowing and voluntary, and the psycho-sexual evaluation contained in the PSI found defendant to be entirely competent.

Indeed, when reviewing a trial court's determination of competency, we have found an abuse of discretion only when the record was replete with evidence of defendant's incapacity to rationally understand the proceedings against him. See *State v. Pollard*, 163 Vt. 199, 657 A.2d 185 (1995). Here, the evidence is scarce and uncorroborated, and therefore we find that the trial court did not abuse its discretion when it found the evidence unconvincing and denied the motion for a mental health screening and a competency evaluation.

## II

Defendant next appeals the trial court's denial of the motion to withdraw his plea. A presentence motion to withdraw a guilty plea may be granted where the defendant "shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." V.R.Cr.P. 32(d). Rule 32(d) gives the trial court the discretion to balance the State's interest in expediting the criminal proceedings with the detriment to the defendant in foregoing his right to a trial on the merits. *State v. Hamlin*, 143 Vt. 477, 480, 468 A.2d 557, 559 (1983). Where the trial court denies a motion to withdraw a plea, this Court will not reverse that decision unless the defendant establishes that there was an abuse of discretion. *Id.* "In determining whether the court abused its discretion, it is the duty of this Court to inquire into the circumstances surrounding the taking of a guilty plea to ensure that it was knowingly and voluntarily given." *Id.* The court here ruled that defendant had not shown a fair and just reason to allow him to withdraw his plea. Defendant offered that he had entered the plea in a state of shock that impaired his ability to consult with counsel. He argues that the trial court was not entitled to make its own credibility determination on the issue of mental health, and that when the court denied the screening and the competency evaluation, it deprived him of a fair opportunity to establish a just reason to withdraw his plea, as he was unable to present expert testimony regarding his alleged mental or emotional disorder.

Although defendant is correct that a "condition of shock" or "state of panic" sufficient to undermine defendant's ability to consult with his lawyer with a reasonable degree of rational understanding at the time of entering the plea would be fair and just cause to withdraw the plea, the court is not compelled to accept defendant's characterization of his own state of mind. See *State v. Ploof*, 162 Vt. 560, 565, 649 A.2d 774, 778 (1994) (defendant's alleged suicidal conduct was fairly and thoroughly considered by the court, which found it unconvincing). "It is axiomatic in this state that the trier of fact is given the sole determination of the weight of the evidence, the credibility of witnesses, and the persuasive effect of the testimony." *State v. Hagen*, 151 Vt. 64, 65, 557 A.2d 493, 494 (1989). The trial court is in a unique position to be able to observe the defendant's demeanor, mannerisms and behavior as well as the quality of the evidence and, therefore, we will rarely overturn the trial court's determinations of credibility, and weight to be given to the testimony. *Id.*

The evidence did not weigh in favor of defendant's claims of incompetence. Defendant's psycho-sexual evaluation did not reveal that he was incompetent. His attorneys made no claims related to competency in the months leading up to defendant's plea agreement. The trial court, in its observation of the defendant on the day of his Rule 11 hearing, found no indication that the defendant was in a state of shock. Given that the sole evidence supporting the defendant's claim of incompetence was the defendant's description of his mental state at the Rule 11 hearing, the trial court's denial of the motion to withdraw his plea cannot be said to be an abuse of discretion where the court did not find the defendant's testimony credible. See *In re Fuller*, 135 Vt. 575, 579, 381 A.2d 1056, 1059 (1977) (court not required to credit defendant's assertion of disabling illness in connection with claim that plea was involuntary).

## III

Finally, defendant contends that the trial court violated his federal and state constitutional rights against self-incrimination as it permitted the prosecutor to cross-examine defendant on the underlying charges. Defendant argues that these "compelled statements" were used against him, both in the proceeding at issue, and at sentencing.

■ It is well-established law that a criminal defendant who has entered a plea of guilty but who has not yet been sentenced retains self-incrimination rights. *Mitchell v. United States*, 526 U.S. 314, 325-29 (1999). However, when a party to a case chooses to testify, he "cannot reasonably claim that the Fifth Amendment gives him not only this choice but . . . an immunity from cross-examination on the matters he has himself put in dispute." *Brown v. United States*, 356 U.S. 148, 155-56 (1958); see also *State v. Billado*, 141 Vt. 175, 186-87, 446 A.2d 778, 784 (1982) (State was permitted to cross-examine defendant on matters within scope of his direct testimony).

■ Defendant testified on direct examination at his August 22, 2000 hearing that he had no recollection of entering a plea and that he did not understand the rights he waived with the plea. On cross-examination, defendant's testimony was challenged, by inquiry into his understanding of the crimes to which he pled guilty. The cross-examination was entirely within the scope of the direct examination, precluding any Fifth Amendment challenge. Moreover, defendant's assertion that his answers concerning questions related to the violation of conditions of release led to findings of fact critical to the court's conclusions of law is without merit. The court's conclusion that the evidence did not support defendant's claim that he was incompetent when he entered his plea of guilty is amply supported without reference to the findings challenged by defendant.

Finally, defendant claims that at sentencing the court improperly relied upon his testimony to find that he was not amenable to probation supervision. He cites two statements by the sentencing court, the first that defendant had stated he did not want to be supervised by a probation officer of the State of Vermont; the second, that defendant wanted to withdraw his plea, and felt that he had been persecuted by the State. According to defendant, the court inferred from these statements that defendant was unlikely to cooperate if placed on probation, that he had not accepted responsibility and would not be a good candidate for rehabilitation.

■ Ordinarily, an objection to sentencing cannot be raised for the first time on appeal; if it is not timely, it is waived. *State v. Nash*, 144 Vt. 427, 435, 479 A.2d 757, 762 (1984). Defendant made no objection at sentencing to the trial court's reference to these statements and therefore has waived the claim for appeal. In any event, in light of the remaining evidence before it at sentencing, any error in the

court's citation to defendant's testimony at sentencing was harmless. The PSI indicated that defendant had a history of violent behavior, that he had been convicted of a similar offense, and that similar incidents had occurred in other nursing homes. The court relied upon this history in rejecting a probationary sentence. See *State v. Bacon,* 169 Vt. 268, 273, 733 A.2d 50, 54 (1999) (where other appropriate factors provide an independent basis for the sentencing decision, error is harmless).

*Affirmed.*