*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-033

JANUARY TERM, 2011

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| v. | } | District Court of Vermont, |
| | } | Unit No. 2, Chittenden Circuit |
| | } | |
| Kaseen Smith | } | DOCKET NO. 834-2-07 Cncr |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Defendant appeals from a district court order denying his motion to withdraw a guilty plea to two counts of aggravated domestic assault. Defendant contends the court erred in finding that the plea was not induced by his attorney's promise to help defendant establish contact with his children. We affirm.

In February 2007, defendant was charged with multiple offenses, including two counts of aggravated domestic assault and two counts of sexual assault. Trial was continued several times until April 6, 2009. On that day, however, defendant informed his attorney that he wished to enter a guilty plea, and his attorney negotiated an agreement that allowed defendant to plead guilty to two counts of aggravated domestic assault, with a maximum sentence of 15 to 30 years, and to argue for a lesser sentence. At the change of plea hearing, the court specifically and separately inquired whether defendant's attorney had "forced you in any way to plead guilty," "threatened you," "put . . . pressure on you," or "made any promises to you" to induce the plea. Defendant responded "No" to each question. Defendant further responded "Yes" when asked whether he was satisfied with the help and advice he had received from his attorney. The court ultimately accepted the plea, ordered a presentence investigation report (PSI), and scheduled a sentencing hearing for June 24, 2009.

The PSI was filed in early June 2009, and shortly thereafter defendant sent a letter to the court stating he wished to withdraw his guilty plea if several "conditions" were not met. The letter then asserted that defendant wished to preserve certain discovery issues for appeal, that his attorney had told him "that if I plead guilty then he would help me in my efforts to see my children and this amounted to coercion and induced me to accept the guilty plea," and that his speed trial rights had been violated. The court treated the letter as a motion to withdraw the plea, appointed independent counsel to represent defendant, and scheduled a hearing.

Defendant testified at the hearing, reiterating his claim that the plea was involuntary because it was induced by his attorney's promise to assist defendant in establishing contact with his children in family court if he accepted a plea. Defendant asserted that he would not have entered the plea without such a promise. Defendant acknowledged that he had discussed his desire for parent/child contact with his attorney many times during the preceding months. Defendant's attorney also testified. He recalled that he had discussed defendant's frustration with the family court process on a number of occasions prior to the change of plea hearing, and

had made several calls to family lawyers to attempt to learn what was happening. On the day of the change of plea, the attorney recalled that defendant had asked him whether he would help him with his efforts to contact his children, and the attorney responded that he would try to find out what was happening in the family court proceeding after the plea and sentencing. He specifically denied that the offer of assistance was a condition precedent to the plea.

The court issued a written ruling in August 2009. The court found that defendant's attorney testified credibly that he had been interested for some time in helping defendant maintain contact with his children, but that he did not condition the offer of help on defendant's pleading guilty. Rather, on the day of the plea, he had merely "expressed his willingness as an attorney to continue in some fashion with that effort after the sentencing." Therefore, the court found no basis to question defendant's express acknowledgment at the change of plea that he had not been pressured or induced by any promises to enter the guilty plea, and thus discerned no fair and just reason to allow withdrawal of the plea. This appeal followed.

As the trial court here correctly observed, a presentence motion to withdraw a guilty plea is to be "liberally granted where the reason is fair and just and the prosecution has not relied on the plea to its substantial prejudice." State v. Dove, 163 Vt. 429, 431 (1995) (quotation omitted); V.R.Cr.P. 32(d). To support withdrawal of a plea, "a defendant must provide objective evidence . . . that his subjective misunderstanding was reasonable." State v. Fisk, 165 Vt. 260, 263 (1996). Assessing a witness's credibility when testifying in this regard is the function of the trier of fact, and its findings rarely will be overturned. State v. Merchant, 173 Vt. 249, 257 (2001). Thus, when "the trial court denies a motion to withdraw a plea, this Court will not reverse that decision unless the defendant establishes that there was an abuse of discretion." Merchant, 173 Vt. at 256.

Although defendant offered conflicting testimony, the trial court here found counsel's testimony that he did not impose any condition or make any promise in return for defendant's guilty plea to be credible. That finding, and the undisputed testimony that none of defendant's acknowledged prior conversations about his children had ever resulted in such an alleged quid pro quo, support the court's finding that there was no objectively reasonable basis to conclude that the plea was induced by his attorney's offer of assistance. See Merchant, 173 Vt. at 257 (where "the sole evidence supporting the defendant's claim . . . was the defendant's description of his mental state at the Rule 11 hearing," trial court's denial of motion to withdraw plea "cannot be said to be an abuse of discretion where the court did not find the defendant's testimony credible"). Accordingly, we find no basis to conclude that the court abused its discretion in denying defendant's motion to withdraw his plea, and no basis to disturb the ruling.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

2