*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-017

OCTOBER TERM, 2014

| | |
|---|---|
| Edward Johnson | } APPEALED FROM: |
| | } |
| | } Superior Court, Orleans Unit, |
| v. | } Civil Division |
| | } |
| Andrew Pallito, Commissioner of the | } |
| Department of Corrections | } DOCKET NO. 406-11-12 Oscv |

Trial Judge: Howard E. Van Benthuysen

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of the Department of Corrections, appeals pro se from a superior court judgment upholding a disciplinary rule violation. We affirm.

In November 2012, a correctional officer at the prison facility where plaintiff was housed filed a report that plaintiff had committed a disciplinary violation consisting of threatening her with harm, based on statements plaintiff made while the officer was touring his unit. Following a disciplinary hearing, the hearing officer upheld the violation. Plaintiff filed a Rule 75 complaint with the superior court, which ultimately granted the State's motion for summary judgment, upholding the violation. The court granted summary judgment because plaintiff failed to respond to the State's motion and there was some evidence to support the hearing officer's conclusion. This appeal by plaintiff followed.

Our review is limited. "[W]hen reviewing a decision from an inmate disciplinary hearing, we need find only that there was 'some evidence' in order to uphold a conviction." King v. Gorczyk, 2003 VT 34, ¶ 7, 175 Vt. 220. Furthermore, the weight of the evidence, the reasonable inferences to be drawn therefrom, and the credibility of the witnesses are all decisions within the judgment of the trier of fact. State v. King, 2006 VT 18, ¶ 18, 179 Vt. 400; State v. Merchant, 173 Vt. 249, 257 (2001).

Although the factual record here is slim, it is sufficient to uphold the disciplinary ruling. Plaintiff does not contest the hearing officer's finding that he stated in front of the correctional officer: "I won't hit [the officer] but I know people who will." This statement can reasonably be interpreted to constitute a distinct threat that plaintiff could arrange for the officer to be attacked by other inmates. Nor does plaintiff challenge the hearing officer's additional findings that plaintiff acknowledged he was mad at the officer because of an earlier disciplinary report that she had filed; that plaintiff admitted he was aggravated with the same officer because she had allegedly refused to accept a grievance from him; and that plaintiff's demeanor at the hearing was "agitated" and "angry at [the officer]."

Viewed as a whole, the evidence and findings are sufficient to uphold the judgment that plaintiff committed a disciplinary violation by threatening an officer with harm. Although plaintiff maintains that his statement is subject to other, non-threatening interpretations, the hearing officer's finding to the contrary was reasonable, and thus may not be disturbed on appeal. Plaintiff also claims that the correctional officer's disciplinary reports conflict as to the time of the violation, but plaintiff does not demonstrate how the alleged discrepancy undermines the ultimate finding of a violation. We thus discern no basis to disturb the trial court's award of judgment to the State.

Affirmed.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Harold E. Eaton, Jr., Associate Justice