*Note:  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2014-404 & 2014-405

JULY TERM, 2015

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Essex Unit, |
| v. | } | Criminal Division |
| | } | |
| | } | |
| Brian Shannon | } | DOCKET NOS. 66-6-12 Excr & |
| | | 53-6-13 Excr |

Trial Judge: Robert R. Bent

In the above-entitled causes, the Clerk will enter:

Defendant appeals the denial of his motions to withdraw his plea and for substitute counsel prior to sentencing.  We affirm.

In 2012 and 2013, defendant was charged with thirteen different crimes, including multiple felonies and misdemeanors, in two separate dockets.  He had a different attorney in each docket.  In February 2014, right before a scheduled jury trial, defendant entered a global plea agreement to resolve the various charges in both dockets.  Under the agreement, defendant pleaded no contest to four counts of aggravated domestic assault; one count of aggravated assault; one count of driving under the influence of alcohol, third or subsequent violation; and one count of simple assault.  He also pleaded guilty to driving with license suspended, interference with access to emergency services, reckless endangerment, unlawful mischief, and two counts of contempt of court.  The plea agreement capped the sentence the State could seek at two-to-ten years.

At the change-of-plea hearing, with defendant's consent, only one of his attorneys was present.  The court engaged defendant in a plea colloquy.  In answering the court's questions, defendant confirmed that he had not been promised anything beyond the terms of the plea agreement, and that he was satisfied by the representation that he received.  The court also had the following exchange with defendant regarding the consequences of his plea:

> THE COURT: The Court has a final question for you and that is, by pleading no contest to these charges, you understand that if you are referred by the Department of Corrections to any programming or counseling or violence, anger management, domestic abuse, if you go to the programming or counseling, if you go to an interview, in fact, for programming and you say I don't know why I'm here, I didn't do anything, that's going to put you in violation of your programming requirements.  Do you understand that?
>
> THE DEFENDANT: Yes, sir.

THE COURT: So today in Court, the Court has permitted you to plead no contest to some of these charges. And that again is not an outright admission of all the facts of the charges against you. But when you go to speak with Corrections, if you have a sentence that requires you to participate in programming for domestic violence, anger management, anything, in fact, substance abuses, if you say I don't know why I'm here, I didn't do anything wrong, you won't be able to do that without being in violation of your programming. Do you understand that?

THE DEFENDANT: Yes, sir.

The court found that that defendant's pleas were entered knowingly and voluntarily.

On May 28, 2014, prior to sentencing, defendant filed a motion to withdraw his pleas. Defendant alleged that the attorney who was present at the change-of-plea hearing and advised him in connection with the global plea agreement ("change-of-plea lawyer") had made incorrect representations to him concerning the consequences of his plea. Specifically, he claimed that his attorney assured him that he would be released after sentencing, and that he would not be required to do domestic-violence programming. Defendant asserted that after he changed his pleas, he learned that the Department of Corrections (DOC) would be requiring him to participate in domestic-violence programming, which would also require him to admit the crime to which he pled nolo contendere, and his minimum release date was being extended. The State opposed the motion on the basis that the State's case was prejudiced by withdrawal of the pleas, because defendant's father, who was a key witness for the State, had died.

The court held a hearing on the motion. At the hearing, defendant was represented by the second attorney, who was not present at the change-of-plea hearing and who did not give the advice alleged by defendant to be faulty. Defendant testified concerning the incorrect information he allegedly received from his change-of-plea lawyer that he would be eligible for release once he reached his minimum date and that he would not have to do any programming. He also testified that he was subsequently informed by DOC that he would be required to do incarcerative programming and would not be eligible for release at his minimum date.

Defendant's change-of-plea lawyer also testified. He stated that he made no promises to defendant about programming, and explained to defendant that programming decisions rested with the DOC. He further testified that he did not promise defendant that he would be released at a particular time. The parties agreed at the hearing that defendant's father would have been a witness in the cases against defendant and that he had recently died.

The court made oral findings on the record. The court found that defendant's testimony that he believed he would not have to engage in programming was not credible given the colloquy with the court at the change-of-plea hearing. The court further found that defendant's change-of-plea lawyer's testimony, that he did not promise defendant any specific release date or that he would not be required to go through programming, was credible. The court also found that the State would be prejudiced by a plea withdrawal due to the death of defendant's father, who would have testified as a witness for the State. The court concluded that defendant had failed to present a credible reason to withdraw the plea, and denied the motion.

After the hearing, the court granted counsel's motion to withdraw. New counsel was appointed for sentencing. Shortly before sentencing, however, defendant sought to terminate that

attorney's representation and requested appointment of new counsel. The court denied the motion, concluding that defendant had failed to present a sufficient reason to further delay the proceeding and appoint new counsel.

On appeal, defendant first argues that the court erred in denying his motion to withdraw his plea. Before sentencing, the court "may permit withdrawal" of a guilty plea "if the defendant shows any fair and just reason and that reason substantially outweighs any prejudice which would result to the state from the withdrawal of the plea." V.R.Cr.P. 32(d); see also State v. Dove, 163 Vt. 429, 431 (1995) (presentence motion to withdraw guilty plea is to be "liberally granted where the reason is fair and just and the prosecution has not relied on the plea to its substantial prejudice" (quotation omitted)).

Under Rule 32, the trial court has "discretion to balance the State's interest in expediting the criminal proceedings with the detriment to the defendant in foregoing his right to a trial on the merits." State v. Merchant, 173 Vt. 249, 256 (2001). It is the role of the trial court as factfinder to assess the credibility of witnesses, weigh the evidence, and determine the persuasive effect of testimony. Id. at 257. Thus, when "the trial court denies a motion to withdraw a plea, this Court will not reverse that decision unless the defendant establishes that there was an abuse of discretion." Id. at 256.

Defendant asserts that he presented a fair and just reason to withdraw his plea—his alleged lack of understanding regarding whether he would have to engage in domestic-violence programming—and the court abused its discretion in denying the motion. Defendant also claims that the State failed to establish that it would be substantially prejudiced because his father's testimony would not be relevant to all counts and there were other possible witnesses to the incidents.

The evidence supports the court's finding that defendant did not meet his burden of showing a fair and just reason to withdraw his plea. Defendant asserted that his change-of-plea lawyer told him that no programming would be required, but the trial court did not find this credible. Instead, the court credited the testimony of defendant's change-of-plea lawyer that he discussed the possibility of programming with defendant. The trial court also relied on the change-of-plea court's colloquy with defendant at the change-of-plea hearing. At that hearing, the court instructed defendant that DOC decisions might influence the structure of his sentence, and defendant indicated that he understood that. Thus, the evidence supports the trial court's finding that defendant understood the terms of the global plea agreement and the consequences of that agreement, including possible DOC programming, and that his change-of-plea lawyer properly counseled him on the terms of the agreement. The evidence supports the court's determination that defendant failed to present a fair and just reason to withdraw his plea.

In addition, the court was within its discretion in determining that defendant's reason did not "substantially outweigh[] any prejudice which would result to the state from the withdrawal of the plea." V.R.Cr.P. 32(d). On the one side, defendant's reason was not "fair or just," and on the other side, the State no longer could present testimony from defendant's father.

Defendant also asserts that the court abused its discretion in denying his request for new counsel at sentencing. An indigent defendant does not have a right to counsel of the defendant's choosing. State v. Ahearn, 137 Vt. 253, 262 (1979). The court may, however, grant replacement counsel if the defendant shows good cause, including: "(1) a conflict of interest; (2) a complete breakdown in communication with his counsel after exhaustion of good faith efforts to work with

counsel; (3) incompetence; or (4) other good reason to conclude that appointed counsel is unable to furnish effective assistance." Id. at 263. Defendant contends that there was a complete breakdown in communication between him and his attorney and therefore the court was required to grant his motion for replacement counsel.

The decision to grant withdrawal and appoint substitute counsel is a matter of discretion for the trial court and "its refusal to do so is not error unless an abuse of discretion is shown." Id. The court did not abuse its discretion in denying the motion. First, defendant did not demonstrate "a complete breakdown in communication with his counsel after exhaustion of good faith efforts to work with counsel." Defendant had been granted this new counsel for sentencing following the hearing on the motion to withdraw the plea. Shortly before sentencing, defendant again sought replacement counsel, filing a pro se motion to terminate his newly appointed counsel on the ground that counsel could not, in accordance with the rules of professional conduct, represent him at sentencing for acts he did not commit. Shortly thereafter, counsel filed his own motion to withdraw, stating that "[d]efendant does not wish to cooperate with counsel regarding sentencing." The court acted within its discretion in determining that this failed to demonstrate "a complete breakdown in communication" or an exhaustion of defendant's good-faith efforts to work with counsel. Therefore, it was within the court's discretion to deny the motion.

In addition to the arguments addressed above raised by defendant's appellate counsel, defendant has also submitted a pro se brief on appeal. His brief restates his version of the advice he was given by his change-of-plea lawyer prior to accepting the plea agreement. As explained, however, we will not reweigh the evidence on appeal, and we defer to the trial court's resolution of those facts. In addition, defendant lists several other issues for appeal. This list is not accompanied by any development of the argument, explanation of how the issues were preserved, or citation to any legal basis for the argument. This briefing is insufficient for us to review. See V.R.A.P. 28(a)(4) (appellant's brief must state the contentions of the appellant and the reasons therefore with adequate citations to the authorities, statutes, and parts of the record relied on); Johnson v. Johnson, 158 Vt. 160, 164 n.* (1992) (explaining that claims so inadequately briefed as to fail to meet the standards of V.R.A.P. 28(a) will not be considered). To the extent defendant asserts that he received ineffective assistance of counsel, that issue generally may not be raised for the first time on direct appeal. See State v. Gabaree, 149 Vt. 229, 232-33 (1988) (explaining that ineffective-assistance claim generally cannot be raised on direct appeal of a conviction).

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

4