*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NOS. 2015-196 & 2015-197

DECEMBER TERM, 2015

| | |
|---|---|
| State of Vermont | }   APPEALED FROM: |
| | } |
| | }   Superior Court, Bennington Unit, |
| v. | }   Criminal Division |
| | } |
| | } |
| Spencer Durham | }   DOCKET NOS. 333-3-13 Bncr & |
| |                  1038-9-12 Bncr |

Trial Judge: David A. Howard

In the above-entitled cause, the Clerk will enter:

For a second time, defendant appeals the denial of his post-sentence motion to withdraw his guilty plea to two misdemeanor charges. We affirm.

On October 10, 2013, defendant pled guilty, pursuant to a plea agreement, to separate charges of false pretenses and providing false information to a police officer. Defendant was represented by counsel at the October 10 change-of-plea hearing in which the superior court accepted his plea and sentenced defendant to concurrent terms of three to four months. Two and one-half weeks later, on October 29, 2013, defendant filed a motion to proceed pro se and withdraw his pleas, arguing that his attorney had not kept his promise to obtain defendant's property from the police department and mail it to him the next day. The State opposed the motion, asserting that it had complied with the plea agreement by signing a property release and faxing it to the police department. Defendant responded that the only reason he agreed to enter the guilty pleas was that the State had agreed to sign the property release and his attorney had agreed to pick up the property and send it to him the next day. On November 20, 2013, without holding a hearing, the superior court granted defendant's motion to proceed pro se but denied his motion to withdraw the pleas, stating that defendant had failed to demonstrate how his attorney's "alleged failure to retrieve defendant's personal property which has been released by the state is a sufficient basis for the court to permit him to withdraw his pleas," and further that "[t]here is no indication that his pleas were involuntary or that there was any defect in the plea colloquy."

Defendant appealed to this Court, and we reversed, agreeing with defendant that the superior court erred in denying his motion without holding a hearing because, in making its ruling without taking evidence, the court had accepted as true defendant's assertions that his pleas were induced by his attorney's unfulfilled promise to retrieve and mail him his property and that he would not have pled guilty had he known his attorney was not going to keep that promise. State v. Durham, Nos. 2014-003 and 2014-004, 2014 WL 371491, at *1 (July 24,

2014) (unpub. mem.), https://www.vermontjudiciary.org/LC/unpublishedeo.aspx. Accordingly, we remanded the matter for an evidentiary hearing on defendant's motion. Id. at *2.

On remand, the superior court again denied defendant's motion to withdraw after holding an evidentiary hearing on April 2, 2015. At the hearing, defendant testified that it was important for him to receive his personal property the day after the change-of-plea hearing because his cell phone and a key to his safe would have provided information that he could have submitted in support of his motion to dismiss in a then-pending criminal proceeding in New York. On cross-examination, defendant admitted that he had received the property before the jury trial in the New York case, which resulted in a conviction, but he claimed that he could not present the evidence in his defense at trial because the motion to dismiss had been denied and could not be renewed. The attorney that had represented defendant at the change-of-plea hearing testified that it was important to defendant to get his property back, but he had promised defendant only that he would talk to someone he knew at the police station and had never promised defendant that his property would be returned to him the day after the hearing. He also testified that defendant indicated he needed the property to obtain cash and never mentioned that the property was needed in connection with his New York criminal case. Both defendant and his attorney agreed that the property was eventually returned to him in late November 2013.

Following the hearing, the superior court found that: (1) defendant's attorney promised defendant that he would contact the police department to obtain the release of his personal property as soon as possible, but did not promise that it would be accomplished the next day; (2) defendant never told his attorney that his plea was conditioned upon his property being released the following day; (3) defendant never told his attorney that he needed the property in connection with his New York criminal case; (4) defendant was unable to explain how the property could have been used to his benefit in the New York criminal case; (5) defendant received the property in late November 2013 before he was convicted in the New York case; and (6) defendant could not explain how the delay in the return of his property impacted his New York case or why he could not have used any exculpatory evidence from the property in the New York case during the trial. The court also noted that in his November 18, 2013 filing in response to the State's reply to his motion to withdraw, defendant never mentioned the need for the property in his New York case and stated that he would withdraw his motion as moot if his attorney and the State complied with their promise to return his property. The court opined that this suggested getting the property the day after the change-of-plea hearing was not a crucial part of the plea agreement. The court concluded that, at best, defendant reasonably expected his attorney to act expeditiously in getting him his property, but he never conditioned his guilty plea on obtaining the property the next day or week.

On appeal, defendant argues that the superior court erred by not notifying him of his right to counsel with respect to his motion to withdraw his plea and by failing to appoint counsel despite defendant's request for counsel. He also argues that the court erred by denying his motion to withdraw his pleas insofar as the pleas were involuntary because they were premised on a promise that was not kept. Finally, he argues for the first time that his pleas were involuntary because the superior court at the change-of-plea hearing failed to substantially comply with its obligation under Vermont Rule of Criminal Procedure 11(f) to assure that there was a factual basis for the pleas.

We first consider defendant's contention that the superior court erred by not providing him notice of his right to counsel and by not granting his request for counsel in the withdrawal-

of-plea proceeding. A needy person charged with a serious crime is entitled to public defender services at all stages of the prosecution and in any appeal. 13 V.S.A. §§ 5231(a), 5233(a)(1)-(2). The superior court must inform the charged person of that right and must also do so at the "commencement of any later judicial proceeding relating to the same matter." Id. § 5234(b). Defendant argues that the superior court erred on remand from the first appeal by not notifying him of his right to counsel and by not appointing him counsel despite his request for counsel.

During the course of this proceeding, defendant has gone back and forth as to whether he wanted to be represented by counsel. Regarding the charge of providing false information to a police officer, defendant requested a public defender at arraignment and entered a guilty plea to the charge. He later filed a pro se motion to withdraw his plea, but the superior court denied the motion because he was represented by counsel. After defendant signed a written waiver of counsel, the court granted his motion to withdraw the plea. Meanwhile, regarding the false pretenses charge, defendant signed a written waiver of counsel at the arraignment. Then, on August 27, 2013, defendant applied for public defender services for both charges, and counsel was appointed. Approximately one week later, defendant moved to proceed pro se in both cases, but then withdrew those motions two weeks after that. Ultimately, as noted above, defendant pled guilty to both charges at an October 10, 2013 change-of-plea hearing in which he was represented by counsel. Approximately two and one-half weeks later, defendant moved to proceed pro se and withdraw his pleas.

As an initial matter, we reject defendant's contention that the superior court was obligated on remand to notify him that he had a right to defender general services. Defendant's multiple requests for counsel demonstrate unequivocally that he was well aware of his right to counsel. Indeed, he sought his counsel's removal and moved to proceed pro so in connection with the withdrawal-of-plea proceeding. Our remand for an evidentiary hearing did not constitute the commencement of a new proceeding but rather the continuation of the withdrawal-of-plea proceeding. Thus, a renewed notification of defendant's right to counsel was not required by § 5234(b).

Defendant argues, however, that he requested counsel on remand and that the court was obligated to grant that request. Defendant first points to a single sentence in his three-page February 17, 2015 response to the superior court's order that he provide additional information as to why he was unable to keep the court informed about his current address. The sentence asks why the court had not answered his application for public defender services, but there is no documented request for services and no indication as to what services he was requesting. In short, this sentence in the February 17 filing does not constitute a request for appointment of counsel.

Defendant also cites statements made at the April 2, 2015 hearing on remand. At one point during cross-examination when the prosecutor was pressing defendant about his failure to renew his motion to dismiss in the New York case after he obtained his property, defendant stated that "if you're going to keep harassing me, . . . I'm going to need to get this hearing adjourned and get an attorney in there." The court responded that the prosecutor's questioning was not harassment and that the hearing would not be continued for that reason. The prosecutor did not ask defendant any further questions. At the conclusion of defendant's testimony, the prosecutor asked the court to clarify whether defendant in fact wanted an attorney. The court responded that it was not sure what there was to clarify in that defendant asked about an attorney but he had plenty of notice and the court was not inclined to decide that question in the middle of

a hearing. Again, defendant's brief statement at the April 2 hearing does not constitute a request for counsel. Defendant stated that if the prosecutor continued to harass him during cross-examination, he would seek a continuation of the hearing and appointment of counsel. As it turned out, there was no further cross-examination, and defendant sought neither a continuation of the hearing nor appointment of counsel.

On April 27, 2015, three and one-half weeks after the hearing, defendant asked the court to reconsider its denial of counsel and appoint him a public defender. The court denied the motion as too late, but granted defendant's request for assignment of counsel on appeal to this Court. As indicated, the April 27 motion was defendant's first actual request for assigned counsel in the withdrawal-of-plea proceeding. The superior court did not abuse its discretion, under the circumstances, in denying defendant's request for counsel filed three and one-half weeks after the hearing in the matter. Indeed, even if we were to conclude that defendant requested counsel at the April 2 hearing, the court did not abuse its discretion in denying the motion. See United States v. Leveto, 540 F.3d 200, 207-210 (3d Cir. 2008) (citing multiple federal circuit courts for proposition that right to counsel is discretionary rather than absolute following waiver, and concluding that trial court did not abuse its discretion in denying request for counsel on morning of trial).

Next, defendant argues that the superior court erred in denying his motion to withdraw his pleas based on his attorney's failure to keep his promise to have his property returned the day after he entered the pleas. We disagree. When a motion to withdraw a plea is made following imposition of the sentence, as in this case, "the court may set aside the judgment of conviction and permit withdrawal of the plea only to correct manifest injustice." V.R.Cr.P. 32(d). We recognize that an unfulfilled promise that induces a plea may be grounds for setting aside the plea, In re Meunier, 145 Vt. 414, 420 (1985), and that "[c]oercion by the defendant's attorney will render a plea involuntary," In re Quinn, 174 Vt. 562, 564 (2002). In this case, however, the superior court found that defendant's attorney did not promise to have defendant's property returned the next day, that defendant never told his attorney either that his plea was conditioned on his obtaining the property the next day or that the property was needed for his New York case, and that defendant failed to present any evidence explaining why immediate return of the property was critical to his New York case. The record supports these findings, which in turn support the court's decision to deny defendant's motion to withdraw his pleas based on a claim of manifest injustice. See State v. Hagen, 151 Vt. 64, 65 (1989) (stating that questions of credibility of witnesses and weight of evidence are left to sound discretion of trial court); State v. Armstrong, 148 Vt. 344, 345 (1987) ("The decision to grant or deny a motion to withdraw a guilty plea, made after sentence, is within the discretion of the trial court, and will not be disturbed unless an abuse of discretion is shown.").

Finally, defendant argues for the first time in this appeal that the superior court at the change-of-plea hearing failed to ensure that there was a factual basis for his pleas, in violation of Vermont Rule of Criminal Procedure 11(f). At the October 10, 2013 change-of-plea hearing, the superior court engaged defendant in a colloquy before accepting his pleas as voluntarily given. After reading the informations, discussing the essential elements of the charged crimes, and eliciting defendant's understanding as to the rights he was giving up, the court asked if there was an agreement as to a factual basis for both of the charges, and defendant's attorney responded that there had been a stipulation to that effect. The sole basis of defendant's pro se motion to withdraw his pleas three weeks later was that his attorney and the State failed to fulfill their promise to return his property the following day.

4

In its first decision denying defendant's motion, the superior court found that there was no defect in the plea colloquy at the change-of-plea hearing. Defendant, now represented by counsel, did not challenge that finding in his first appeal of the denial of his motion to withdraw his pleas. Nor did he claim a Rule 11(f) violation on remand following this Court's reversal of the superior court's initial ruling without a hearing. Now, for the first time in his second appeal, defendant contends that the superior committed plain error by not engaging him personally to assure his understanding that there was a factual basis for the pleas. We conclude that this argument is precluded under the circumstances by the law-of-the-case doctrine, which "applies in criminal as well as civil proceedings." State v. Higgins, 156 Vt. 192, 193 (1991). That doctrine precludes not only those issues decided in earlier proceedings before remand by a court of last resort, but also those issues that were not raised but could have been raised during the earlier proceeding. For example, in State v. Hunt, 150 Vt. 483 (1988), this Court refused to reconsider the propriety of the rejection of the defendant's plea agreement, which we had considered in an earlier interlocutory appeal. Id. at 491-92. The defendant attempted to raise new claims regarding the plea agreement, but we stated that we would "not now consider challenges that should have been raised during the earlier determination of [that] issue." Id. at 492.

Although in this case we did not consider the Rule 11(f) issue in defendant's first appeal, we noted that the superior court had concluded that there was no defect in the plea colloquy, and defendant did not challenge that conclusion. Further, we remanded the matter for the court to hold an evidentiary hearing on defendant's motion—a motion that did not allege a violation of Rule 11(f). Cf. Havill v. Woodstock Soapstone Co., 2007 VT 17, ¶ 10, 181 Vt. 577 (stating that "remand order was limited to issues set forth in the mandate, and did not operate to reopen the case to reargument generally or to authorize the trial court to consider issues beyond the scope of our remand"); In re Hart, 167 Vt. 630, 631 (1998) (mem.) (stating that issues not raised on appeal are waived for purposes of later review). Under these circumstances, defendant waived his right to raise the issue in his second appeal.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

5