*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-141

MAY TERM, 2016

| | |
|---|---|
| In re Joseph Bruyette | } APPEALED FROM:<br>}<br>} Superior Court, Windham Unit,<br>} Civil Division<br>}<br>} DOCKET NO. 413-9-14 Wmcv<br><br>Trial Judge: John P. Wesley |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals pro se from the dismissal of his petition for post-conviction relief (PCR) due to improper venue. We affirm.

In April 1987, petitioner was arraigned on criminal charges in the Rutland Circuit of the Vermont District Court. At petitioner's request, venue was transferred to the Windham Circuit. Following a jury trial, petitioner was convicted of burglary of an occupied dwelling and three counts of sexual assault. In November 1989, venue was returned to Rutland, and petitioner was sentenced in Rutland to an aggregate sentence of forty-five-to-eighty-five years to serve. Petitioner filed various motions and petitions for PCR prior to the instant PCR. In September 2014, petitioner filed identical PCRs in the Rutland and Windham Civil Divisions. The State moved to dismiss the PCR filed in Windham, and the court granted its request.

The court recognized that the proper venue for petitioner's PCRs had been subject to confusion since petitioner's conviction. Venue had been mistakenly acknowledged in Windham and mistakenly denied in Rutland. Nonetheless, the present state of the record indisputably established that venue rested exclusively in the Rutland Civil Division because that was where petitioner's sentencing occurred. See 13 V.S.A. § 7131 (providing that prisoner who claims right to be released upon ground that sentence was imposed in violation of law, or who raises other collateral attacks, may seek relief from "the superior court of the county where the sentence was imposed"); see also In re Bruyette, No. 2012-471, 2014 WL 7237815, at *1 n.1 (Vt. Dec. 1, 2014) (unpub. mem.), http://www.vermontjudiciary.org/d-upeo/upeo.aspx (recognizing past confusion over proper venue for petitioner's PCRs, and noting State's concession that Rutland, not Windham, is proper venue for petitioner's PCR proceedings). Petitioner had filed an identical PCR in the Rutland Civil Division, and the court found no basis for two courts to consider requests for relief where only the Rutland Civil Division had subject matter jurisdiction under 13 V.S.A. § 7131. The court thus granted the State's motion to dismiss due to improper venue. This appeal followed.

In his brief, petitioner recounts the confusion that has occurred concerning the appropriate venue for his PCRs. He challenges the trial court's statement that it lacked

jurisdiction over his current petition. He questions the timing of the transfer of venue back to Rutland after his trial, and also questions why it took so long to ascertain the appropriate venue.

Petitioner is correct that 13 V.S.A. § 7131 "pertains to venue and not subject matter jurisdiction." Bruyette, No. 2012-471, at *1 n.1 (citing In re Laws, 2007 VT 54, ¶ 7, 182 Vt. 66); see also C. Wright & A. Miller, Fed. Practice & Procedure Jurisdiction § 3801 (4th ed.) (explaining that "venue" "refers to locality, the place within the relevant judicial system where a lawsuit should be heard according to the applicable statutes or rules"). As we have explained, the venue requirement in § 7131 "was enacted to simplify the often cumbersome procedures associated with habeas corpus," and it "was designed to provide a more convenient forum for obtaining relevant records and witnesses." In re Hanson, 160 Vt. 111, 113 (1993) (citations omitted) (reiterating that § 7131 is "a venue provision," and it "does not purport to limit subject-matter jurisdiction"). Even if the court here mistakenly referred to a lack of subject matter jurisdiction, however, we affirm its dismissal of petitioner's PCR.

As the court found, venue for petitioner's PCR is proper in the "superior court of the county where the sentence was imposed." 13 V.S.A. § 7131. Even if, as petitioner argues, the trial court lacked authority in 1989 to transfer venue back to Rutland for sentencing, the fact remains that petitioner was sentenced in Rutland, and pursuant to the plain language of the statute, venue is therefore appropriate in Rutland. Petitioner has filed an identical PCR in Rutland, where it remains pending. To the extent that petitioner believes Rutland is an inconvenient forum, although he raises no such argument in this appeal, he can ask the Rutland court to transfer the PCR to Windham. See In re Laws, 2007 VT 54, ¶ 7 (recognizing that party may seek to transfer venue under the authority of 13 V.S.A. § 7131). We agree with the trial court that there are no grounds to have two courts consider the same PCR, and because venue is plainly appropriate in Rutland, the court here properly dismissed petitioner's PCR. Given our conclusion, we do not consider any of petitioner's arguments as to the merits of any PCR. Petitioner's arguments in support of his PCR can be raised in Rutland.

Affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice

2