### State of Vermont v. David P. Welch, Sr.

[617 A.2d 427]

No. 91-438

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed October 2, 1992

---

*Ann M. Metayer*, Windsor County Deputy State's Attorney, White River Junction, for Plaintiff-Appellee.

*Charles S. Martin* and *David Venman*, Law Clerk (On the Brief), of Martin & Paolini, Barre, for Defendant-Appellant.

**Allen, C.J.** Defendant was convicted of lewd and lascivious behavior with a child (13 V.S.A. § 2602) and sexual assault (13 V.S.A. § 3252(a)(3)) after a jury trial and appeals on grounds that the evidence was insufficient for conviction, that the prosecutor's closing remarks were not supported by the evidence and were prejudicial, and that the court erred in denying defendant's motion for further competency evaluation. We affirm.

On August 10, 1990, defendant was arraigned on a charge of sexual assault involving an incident which occurred between himself and his daughter. At the request of defense counsel, defendant was evaluated by Dr. Theodore Robbins, a psychiatrist who had treated defendant over the previous four years. Dr. Robbins testified at a September 19, 1990 competency hearing that defendant showed no overt signs of psychiatric illness and was experiencing no delusions.

Defendant thereafter filed a notice of insanity defense and moved for a psychiatric examination to evaluate both compe-

tency to stand trial and insanity at the time of the offense. The court granted the motion, and defendant was transferred to the Waterbury State Hospital for examination. Dr. William Woodruff examined defendant and issued a report on January 2, 1991, stating that he found defendant to be competent to stand trial, that defendant was sane at the time of the alleged offense, and that defendant had the mental state to commit the alleged offense. A competency hearing was scheduled, but on February 14, 1991, defense counsel wrote the court a letter indicating that defendant did not contest Dr. Woodruff's finding of competency. The letter also made clear, however, that defendant was relying on his own expert and was not withdrawing his insanity defense. Counsel indicated that a trial date of early April 1991 would be suitable.

At a status conference on April 12, 1991, defendant moved to suspend proceedings for the purpose of obtaining a competency evaluation. The court denied the motion and scheduled a competency hearing, which was held on April 23, 1991, the day before the trial was scheduled to begin. At that hearing Dr. Woodruff testified that he had examined defendant on December 24, 1990 and had found him competent to stand trial and sane at the time of the offense. He also testified that he had examined defendant shortly before the hearing on April 23, 1991, and had again found him to be competent.

Dr. Henry Payson, a psychiatrist, testified at the same hearing that he had examined defendant in his office on April 10, 1991 and that he was not competent to stand trial because of an alleged psychotic episode that occurred during the exam, when Dr. Payson turned on his video camera to tape the interview. Dr. Payson did testify that defendant appeared to be competent on April 23, 1991, the day of the hearing, when he observed defendant testify on his own behalf at the competency hearing. The trial court found defendant to be competent to stand trial, and trial began the next day, April 24, 1991.

At the trial, Officer Steven Morse of the Windsor Police Department testified that on August 9, 1990 defendant voluntarily appeared at the police station and confessed to Morse that he had undressed his daughter, C.W., had begun "massaging himself in the area of the groin," ejaculated, "massag[ed] her butt," and "touched her vagina, rubbed it and stuff." The officer added

that defendant also confessed that he had placed C.W.'s hand on his penis, and kissed her on the mouth, and was prepared to continue masturbatory activity when Officer Vincent Jordan of the Windsor Police Department, responding to another matter, knocked on his door.

Officer Jordan, present for part of the defendant's confession at the police station, testified that defendant confessed that he had taken off his clothing, put his finger on and into the vagina of C.W., and ejaculated. Defendant conceded in testimony that he masturbated beside his child but denied any penetration. The jury returned a verdict of guilty, and the present appeal followed.

Defendant argues first that the State did not introduce evidence on the element of sexual gratification in fulfillment of the requirement of 13 V.S.A. § 2602, which states:

> A person who shall wilfully and lewdly commit any lewd or lascivious act upon or with the body, or any part or member thereof, of a child under the age of sixteen years, with the intent of arousing, appealing to, or gratifying the lust, passions or sexual desires of such person or of such child, shall be imprisoned not less than one year nor more than five years.

Defendant contends that neither his testimony nor that of the witnesses testifying about defendant's confession supplied sufficient evidence to support the jury verdict that defendant was "gratifying . . . lust, passions or sexual desires" through his actions. Defendant instead points to testimony tending to demonstrate that he acted out of personal frustration and to divert feelings of aggression. He also relies on the testimony of Dr. Woodruff, who testified as to possible motives for defendant's conduct:

> I don't think anybody can really tell you why he did it. You've got to get into—a psychiatrist has to try to get as much information as possible, and listen to the patient, but even then you never really know the truth.

In testing the sufficiency of evidence in a criminal conviction, this Court must "view the evidence in the light most favorable to the State and will uphold the judgment unless there was no credible evidence justifying a guilty verdict."

*State v. Warner*, 151 Vt. 469, 471, 560 A.2d 385, 387 (1989). Defendant's claim is based on his faulty assumption that the evidence of the motive of sexual gratification need be explicit and direct. Such evidence may be, and almost invariably is, circumstantial, and a motive of "gratifying . . . lust, passions or sexual desires" can be inferred from the circumstances. *Egal v. State*, 469 So. 2d 196, 199 (Fla. Dist. Ct. App.) (lewd and lascivious interest of a defendant can be imputed from the circumstances), *pet. for review denied*, 476 So. 2d 673 (Fla. 1985); see *State v. Audette*, 128 Vt. 374, 379, 264 A.2d 786, 789 (1970) (jury, in prosecution for lewd act with child, could infer intent of "arousing, appealing to or gratifying the lust, passions or sexual desires" from willful act where the nature of the accusation precluded any suggestion of an accidental or unintentional happening). As we have held in the past, circumstantial evidence alone may support a guilty verdict "if the evidence is proper and sufficient in itself." *State v. Warner*, 151 Vt. at 472, 560 A.2d at 387.

In the present case, the circumstantial evidence was overwhelming. Dr. Woodruff's statement that "I don't think anybody can really tell you why he did it," was merely one "hypothesis of innocence" which the jury weighed in reaching its verdict. *Id.* We conclude that there was sufficient evidence from which a jury could rationally infer beyond a reasonable doubt that defendant intended to gratify his lust, passions or sexual desires when he engaged in the acts described above.

■■ Defendant next argues that the prosecutor improperly referred to defendant's sexual frustration as a reason defendant committed the offense charged. The prosecution may argue what the evidence shows and all of the proper inferences drawn therefrom. *State v. Savo*, 141 Vt. 203, 213–14, 446 A.2d 786, 792 (1982). Dr. Woodruff had testified that defendant would become sexually aroused when experiencing anxiety and because he could not relieve that arousal with a woman, would turn to the child victim in this case. The prosecutor's closing statement was thus consistent with the record.

■ Finally, defendant contends that the court erred in denying defendant's motion to suspend proceedings for a competency evaluation by defendant's expert, Dr. Payson. Under 13 V.S.A. § 4817(b), the trial court must order an evaluation prior

to the competency hearing only if it has reason to believe the defendant may be incompetent to stand trial. The trial court must use its discretion in making such determination on the basis of the evidence before it. At the time of defendant's motion for a competency evaluation, defendant had received a requested psychiatric evaluation from Dr. Woodruff, following the initial competency hearing in which defendant was found competent based on Dr. Robbins's psychiatric evaluation. Defendant had also met with his own expert, Dr. Payson, whose testimony was ambivalent and arguably not helpful to defendant's case, either on insanity at the time of commission or on the question of competency to stand trial. Furthermore, defendant stipulated to Dr. Woodruff's competency finding in his February 14, 1991 letter.

In addition, defendant does not make a persuasive case that further consultation with Dr. Payson would have yielded a materially different evaluation from the one he offered at trial. There was ample testimony before the court about defendant's competency, including Dr. Payson's testimony about defendant's possible psychotic episode in his office on April 10, 1991. We are sensitive to the needs of a defendant asserting incompetency to obtain a thorough, professional, and independent evaluation. It can always be argued, however, that additional evaluations will produce information not elicited from earlier ones. The issue before the trial court was whether this defendant had a reasonable opportunity to make his case, and on the basis of the record before us, we can find no reason to question the court's discretionary ruling on this issue.

*Affirmed.*