# In re Kent Hanson

[623 A.2d 466]

No. 91-066

Present: **Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.**

Opinion Filed February 26, 1993

*Todd Taylor* and *Nancy M. Parmalee,* Law Clerk (On the Brief), Burlington, for Petitioner-Appellant.

*Howard E. VanBenthuysen,* Franklin County State's Attorney, St. Albans, for Respondent-Appellee.

**Morse, J.** In 1987, the Chittenden District Court convicted petitioner of murder, and he collaterally attacked the conviction seeking post-conviction relief (PCR) in Franklin Superior Court. Petitioner claimed that the district court erred in failing to conduct a competency hearing before accepting his change of plea from not guilty of first-degree murder to guilty of second-degree murder and that he received ineffective assistance of counsel. We affirm.

In 1963, when petitioner was twenty years old, a ruptured aneurysm in his brain caused him to suffer frontal lobe damage and post-traumatic grand mal seizures. In 1964, following a finding of insanity in a murder case, petitioner was committed to Vermont State Hospital, and he returned to that institution frequently between 1970 and 1980. In 1965, the Windham Probate Court issued a letter of guardianship to petitioner's stepfather on grounds that petitioner was mentally incapable of caring for himself and his property.

At the arraignment in Franklin District Court, in light of petitioner's significant history of mental problems, the State requested, and the court ordered, a psychiatric examination under 13 V.S.A. §§ 4814, 4817(b). Dr. John Ives, a psychiatrist appointed by the court, evaluated petitioner and found him competent to stand trial. However, Dr. Ives did not report to the court his opinion and the bases for it.

Later, the murder case was moved to Chittenden District Court after petitioner had moved for a change in venue. Petitioner pled guilty in that court after an examination by the court under V.R.Cr.P. 11(c)(advice to defendant before acceptance of plea). The court, however, did not conduct an evidentiary hearing on the question of petitioner's competency to change his plea. He was sentenced to the bargained-for sentence of 20–30 years to serve.

Initially, petitioner contends that the Franklin Superior Court lacked subject-matter jurisdiction over the PCR petition, because petitioner was convicted and sentenced in Chittenden County. An inmate "may at any time move the [superior] court of the county *where the sentence was imposed* to vacate, set

aside or correct the sentence." 13 V.S.A. § 7131 (emphasis added). Section 7131, however, does not concern subject-matter jurisdiction of the court in which the PCR petition is heard. The statute indicating the county where the PCR should be brought was enacted "to simplify the often cumbersome procedures associated with habeas corpus." *In re Stewart*, 140 Vt. 351, 356, 438 A.2d 1106, 1107 (1981). Requiring the superior court of the county of sentencing to hear the PCR petition was designed "to provide a more convenient forum for obtaining relevant records and witnesses." *Id.* at 356, 438 A.2d at 1107–08. As a venue provision, the statute does not purport to limit subject-matter jurisdiction. In the present case, it was petitioner who chose Franklin County rather than Chittenden, and he can hardly complain about an inconvenient forum. In any event, since no issue of subject-matter jurisdiction is involved, petitioner's failure to raise the issue at trial bars its consideration on appeal. *State v. Mace*, 154 Vt. 430, 436, 578 A.2d 104, 108 (1990).

On the merits, petitioner contends first that the district court had a duty to hold a competency hearing under 13 V.S.A. § 4817(b), which provides that the court must order an evaluation and then hold a hearing if it has reason to believe a defendant may not be competent to stand trial. *State v. Welch*, 159 Vt. 272, 276–77, 617 A.2d 427, 430 (1992). Petitioner's institutionalizations, the ongoing nature of his condition, and a prior successful insanity plea were documented and well known to the parties and the court. Petitioner argues that this body of knowledge should have triggered a hearing on the question of his competency before he entered a change of plea.

We held in *State v. O'Connell*, 149 Vt. 114, 117, 540 A.2d 1030, 1032 (1987), that

> at least under the following conditions, an evidentiary hearing on competency is not required: (1) the initial doubt as to competency arises with the trial court itself; (2) the order for a psychiatric report is initiated by the trial court based on its own doubt; (3) the report concludes that the defendant is competent to stand trial; (4) the issue of competency is not raised by either party prior to final judgment.

Petitioner points out that in this case it was the State, not the court, that had "the initial doubt" about defendant's compe-

tency, and argues that the *O'Connell* exception to the requirement of a competency hearing should not apply. This distinction, however, does not support a different result here. The manifest purpose of § 4817(b) is to prevent the trial of a defendant who is not competent to stand trial, and in carrying out that purpose, to resolve any disputes about competency through an adversarial hearing. The keystone is the court's responsiveness to the competency question, whenever and however it is raised. When a party raises competency and then fails to pursue the issue, the court must conduct a hearing only if it is not satisfied that the issue about defendant's competency to stand trial was adequately resolved. There is no question on the present record that neither petitioner nor the State wanted to pursue the competency question after Dr. Ives had performed his examination. Throughout the change of plea hearing, petitioner and his counsel advised the court that the best option was to change the plea. If the right to counsel means anything, the court was not required by statute to hold a competency hearing when defendant waived it by not asking for one. See *State v. Williams*, 154 Vt. 76, 79–80, 574 A.2d 1264, 1265–66 (1990) (parties' voluntary agreement that defendant is competent obviated need for competency hearing and determination).

█ Petitioner also contends that despite his wishes and advice of counsel, the trial court should have, on the basis of its own observations and knowledge of the medical record, conducted a hearing on competency to change his plea. The superior court properly concluded that the trial court's failure to conduct a competency hearing sua sponte was not error, because the record belies this claim. Petitioner's responses at the Rule 11 hearing and the representations of counsel indicated that he was competent at that time. In addition, the superior court determined that petitioner's plea had been "knowingly and intelligently" entered, a finding that is supported by the evidence.

█ Finally, petitioner argues that the conclusion that he had received effective assistance of counsel was clearly erroneous. *State v. Bristol*, 159 Vt. 334, 336, 618 A.2d 1290, 1291 (1992) (review of PCR governed by "clearly erroneous standard"). A claim of ineffective assistance of counsel is met when a prepon-

derance of the evidence shows that "counsel's performance fell below an objective standard of reasonableness informed by prevailing professional norms" and the result would have been different had counsel done an adequate job. *Id.* at 337, 618 A.2d at 1291–92.

Petitioner asserts that his attorney, Daniel Albert, provided ineffective counsel by failing to pursue the competency issue, in failing to explain and advise him about involuntary hospital commitment in the event he was found incompetent to stand trial or not guilty by reason of insanity, and by failing to urge him to go to trial and raise insanity and diminished capacity defenses. The record indicates, however, that defense counsel, an experienced public defender, gave good advice, and on each of the three points of challenge, his decision, explanation and advice were well within the prevailing professional standards of practice.

While petitioner had been adjudicated insane in an earlier case, he was found competent to stand trial at that time. He also had been found competent to stand trial by his own psychiatrist, Dr. Ives, in the case in question. Albert's purported failure to explain the consequences of involuntary commitment to petitioner is not supported by the record either. Mr. Albert specifically discussed the consequences of, and procedures for, hospitalization.

In sum, defense counsel weighed all the information about his client, including the opinion of Dr. Ives and other doctors, as well as his own experience with his client, and concluded that the likely success of an incompetency argument and the consequences of a finding of incompetency outweighed the consequences of the plea bargain in light of the risks of going to trial. He so advised his client, who was a well-informed and active participant in the plea bargaining negotiations.

Finally, petitioner argues that the superior court did not indicate in its findings what weight, if any, it accorded the testimony of his expert witness. Charles Martin, an experienced criminal defense lawyer, testified that in his opinion Mr. Albert did not render effective assistance in petitioner's defense. Essentially, Mr. Martin believed that when competency is raised, a second opinion must be obtained if the initial opinion by an expert is that defendant is competent to stand trial. We know of no

standard of practice that would require a second opinion in every such case, and the superior court's findings implicitly rejected that opinion. Mr. Martin's other observations were simply not based on the facts in the record. No error was committed.

*Affirmed.*