NOTICE: This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports. Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2017 VT 25

No. 2016-261

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Rutland Unit, |
| | Criminal Division |
| | |
| Christopher A. Sharrow | March Term, 2017 |

Thomas A. Zonay, J.

David Tartter, Deputy State's Attorney, Department of State's Attorneys and Sheriffs, Montpelier, for Plaintiff-Appellee.

Matthew F. Valerio, Defender General, and Rebecca Turner and Kelly Green, Appellate Defenders, Montpelier, for Defendant-Appellant.

PRESENT: Reiber, C.J., Dooley, Skoglund, Robinson and Eaton, JJ.

¶ 1. **EATON, J.** This case comes before the Court on interlocutory appeal. The sole issue is whether, under 13 V.S.A. § 4814, the State may compel a defendant to submit to a competency evaluation conducted by a mental health expert of the State's choosing, following a court-ordered competency evaluation by a neutral mental health expert.[1] We hold that the State may not compel such an evaluation, and we therefore reverse.

_____

[1] We use the term "neutral" to describe an expert appointed by the Court to conduct an examination of the defendant for competency pursuant to 13 V.S.A. § 4814, as opposed to an expert retained by either the State (prosecution) or the defendant.

¶ 2. The relevant facts are not in dispute. The State charged defendant with second-degree murder in July 2013. While defendant was incarcerated pretrial, his counsel requested a competency hearing. The court ordered an evaluation and, pursuant to 13 V.S.A. § 4814, the Department of Mental Health selected a neutral expert to conduct the evaluation. The neutral expert conducted a competency evaluation on February 15, 2015, but defense counsel was not present when the doctor conducted the examination and counsel moved for a reevaluation. Again, the court ordered an evaluation and the Department selected a second expert. The second expert requested access to the first expert's report and later requested a neuropsychological consult. The Department declined to provide funding for a neuropsychological examination, and the expert, who maintained that such an examination was necessary to complete the competency evaluation, suggested that the court reassign the evaluation to another doctor. On February 12, 2016, the court granted that request and the Department subsequently appointed another expert to conduct the competency evaluation. The third court-appointed expert, Dr. Weker, concluded that "defendant is not mentally competent to stand trial for the alleged offense." The parties received a copy of that report on May 23, 2016.

¶ 3. In the meantime, defense counsel engaged an expert, Dr. Wilmuth, to perform a competency evaluation, which Dr. Wilmuth completed on April 24, 2015. Defendant did not attempt to introduce the results of Dr. Wilmuth's report. Nevertheless, after receiving Dr. Weker's report, the State retained its own expert, Dr. Linder, and at a status conference on June 20, 2016, requested that Dr. Linder be given access to defendant in order to conduct a fifth competency evaluation. Defendant objected to the State's request, arguing that "[t]he [c]ourt has no legal authority to order [defendant] to submit to a psychiatric evaluation arranged by the State." In a written order dated July 18, 2016, the court granted the State's motion and ordered defendant to submit to a competency evaluation conducted by the State's expert. In response, defendant filed this interlocutory appeal.

¶ 4.    The appeal presents one issue: whether 13 V.S.A. § 4814 gives the court the authority to order a defendant to submit to a competency evaluation conducted by an expert retained by the prosecution, in addition to a court-ordered competency evaluation conducted by a neutral expert selected by the Department of Mental Health.  This is a pure question of law and we therefore review it de novo.  See State v. Beauregard, 2003 VT 3, ¶ 4, 175 Vt. 472, 820 A.2d 183.

¶ 5.    Our analysis begins with the language of the statute.  "Our primary objective in construing a statute is to effectuate the Legislature's intent." Wesco, Inc. v. Sorrell, 2004 VT 102, ¶ 14, 177 Vt. 287, 865 A.2d 350.  If a statute's language is unambiguous and its words have plain meaning, "we accept the statute's plain meaning as the intent of the Legislature and our inquiry proceeds no further."  Id.

¶ 6.    13 V.S.A. § 4814(a)(4) provides:

> Any court before which a criminal prosecution is pending may order the Department of Mental Health to have the defendant examined by a psychiatrist at any time before, during or after trial, and before final judgment . . . when the Court believes that there is doubt as to the defendant's mental competency to be tried for the alleged offense.

Additionally, § 4814(b) gives the trial court the authority to order a competency evaluation on its own motion, on a motion filed by the State, on a motion filed by the defendant, or on a motion filed by another party acting on behalf of the defendant.  Sections 4815 and 4816 outline the process by which a competency evaluation must be conducted and limit the scope of permissible uses of a report prepared in accordance with these sections.  Specifically, § 4816(d) prohibits the State from admitting into evidence any statement made by a defendant during a competency evaluation "in any criminal proceeding for the purpose of proving the commission of a criminal offense or for the purpose of impeaching testimony" of the defendant.  Section 4816(f) also explains that the court's decision to introduce a competency report "shall not preclude either party

3

or the [c]ourt from calling the psychiatrist who wrote the report as a witness or from calling witnesses or introducing other relevant evidence."

¶ 7. The language of the statute is clear on its face. When the court has doubt as to a defendant's competency, the court has the authority to "order the Department of Mental Health to have the defendant examined by a psychiatrist." 13 V.S.A. § 4814(a). Although the State is correct that "[n]othing in the statute contemplates that the only expert witness [at the competency hearing] be a court-appointed expert," the statute does not grant the court the authority to require a defendant to submit to a competency evaluation by any other doctor.[2] Additionally, although the State argues that to prohibit it from conducting its own competency evaluation would undermine the Legislature's intent that the competency hearing "be conducted in a manner which permits both parties meaningfully to challenge the evidence of the other," the statute provides a mechanism—"calling witnesses or introducing other relevant evidence"—by which the State may challenge or rebut the conclusions of a court-appointed, neutral expert. See id. § 4816(f).

¶ 8. This construction of the statute is also consistent with the discovery provisions in the Vermont Rules of Criminal Procedure. The rules establish reciprocal discovery rights between a defendant and the prosecution. See V.R.Cr.P. 16, 16.1. Rule of Criminal Procedure 16.1(a)(1)(I) specifically allows the prosecution to conduct "a reasonable mental health examination by a

---

[2] The trial court here identified the authority to order defendant to submit to a competency evaluation by a State-selected expert in Vermont Rule of Criminal Procedure 57, which provides: "When no procedure is specifically prescribed, the court shall proceed in any lawful manner not inconsistent with the Constitution of the United States, the Constitution of the State of Vermont, these rules, or any applicable statute." We disagree that Rule 57 grants the trial court that authority because 13 V.S.A. § 4814(a) contemplates only that the Department of Mental Health will select a mental health expert and the trial court's conclusion is therefore inconsistent with the statute. As we state in ¶8, infra, there is a difference between cases involving competency and cases involving insanity. In the former, a mental health examination has no bearing on a defendant's guilt and the rules do not authorize the State to conduct such an examination. In the latter situation, the results of a mental health examination implicate a defendant's affirmative defense and therefore his or her guilt. The fact that the rules provide for a State examination in the context of an insanity defense but do not so provide in the context of a competency determination indicates that the rules were not intended to require a defendant to submit to a State-ordered competency evaluation.

psychiatrist or other expert" when a defendant raises an insanity defense or otherwise wishes to offer expert testimony relating to a mental condition bearing on guilt. See id.; V.R.Cr.P. 12.1(a). Neither this rule, nor any other one, authorizes the State to conduct an examination for purposes of competency to stand trial.

¶ 9. Moreover, our conclusion that the court lacks the authority to order a defendant to submit to a competency evaluation conducted by an expert retained by the State is consistent with underlying constitutional principles. The U.S. Supreme Court's decision in Ake v. Oklahoma, 470 U.S. 68 (1985), established that when an indigent defendant is charged with a crime, and where the defendant's "mental condition" is "relevant to his [or her] criminal culpability and to the punishment he [or she] might suffer," due process requires that the State provide funding for "a mental health professional capable of performing a certain role: 'conduct[ing] an appropriate examination and assist[ing] in evaluation, preparation, and presentation of the defense.' " McWilliams v. Dunn, __ U.S. __, 137 S.Ct. 1790, 1794 (2017) (quoting Ake, 470 U.S. at 80, 83). Thus, where—as is the case here—an indigent defendant's mental health is at issue, "due process requires that the State provide the defendant with the assistance of an independent psychiatrist." Tuggle v. Netherland, 516 U.S. 10, 12 (1995). Additionally, in the context of a competency hearing, the U.S. Supreme Court has recognized that "[f]or the defendant, the consequences of an erroneous determination of competence are dire. Because he [or she] lacks the ability to communicate effectively with counsel, he [or she] may be unable to exercise other rights deemed essential to a fair trial." Cooper v. Oklahoma, 517 U.S. 348, 364 (1996) (quotation omitted). In short, a defendant whose competency has been called into question has a constitutionally based right to hire, with state funding, a defense-retained mental health expert to assist in his or her defense in order to guard against the possibility of an erroneous determination of competency.

¶ 10. However, "[b]y comparison to the defendant's interest, the injury to the State of the opposite error—a conclusion that the defendant is incompetent when he [or she] is malingering—

5

is modest." Id. at 365. That is in part because the primary harms that such an error imposes on the State are the financial burden and the frustration of the "State's interest in the prompt disposition of criminal charges." Id. However, "the error is subject to correction in a subsequent proceeding and the State may detain the incompetent defendant for the reasonable period of time necessary to determine whether there is a substantial probability that he [or she] will attain competence in the foreseeable future." Id. (quotation and alteration omitted). The practical reality is that even if the court erroneously concludes that a defendant is incompetent, the defendant is not acquitted of the offense or released from State custody; rather, upon a finding that a defendant is incompetent to stand trial, the court "shall hold a hearing for the purpose of determining whether such person should be committed to the custody of the Commissioner of Mental Health" and the defendant "may be confined in jail or some other suitable place by order of the court pending hearing for a period not exceeding 15 days." 13 V.S.A. § 4820(4).

¶ 11. Thus, in the context of a competency hearing contemplated by 13 V.S.A. § 4814, the State's "modest" interests are sufficiently protected by the process provided for by statute. First, if the court-appointed, neutral expert determines that the defendant is competent, the State can call the expert as a witness and "introduc[e] other relevant evidence" to support the expert's opinion. Id. 4816(f). Second, if the court-appointed, neutral expert determines that the defendant is incompetent, the State may attempt to undermine the expert's conclusion by "introducing other relevant evidence," including evidence that would tend to call into question the expert's credibility or the veracity of his or her analysis.[3] Id.

---

[3] In addition to relying on Rule 57 as the source for its authority to require defendant to submit to a competency evaluation by a State-selected expert, the trial court interpreted 13 V.S.A. § 4814 as "clearly anticipat[ing] that, at a <u>contested competency hearing</u>, the State may call witnesses other than the psychiatrist selected by the Department of Mental Health to perform the court-ordered competency evaluation." We agree with the trial court that the statute contemplates an "adversarial hearing." See <u>In re Hanson</u>, 160 Vt. 111, 114, 623 A.2d 466, 467-68 (1993) ("The manifest purpose of [the competency hearing laws] is to prevent the trial of a defendant who is not competent to stand trial, and in carrying out that purpose, to resolve any disputes about competency

¶ 12. Finally, as other courts that have addressed this issue have noted, "[t]he policy reasons behind prohibiting the [State] from obtaining its own competency evaluation are clear." Bishop v. Caudill, 118 S.W.3d 159, 163 (Ky. 2003).[4] Specifically, ordering "an examination for the sole purpose of ascertaining competency, especially if ordered against a defendant's wishes," creates the risk that the State "would gain the inherent and possibly unfair advantage of gleaning insight as to the defense strategy." Id. at 164; see also State v. Garcia, 2000-NMCA-014, ¶ 24, 128 N.M. 721, 998 P.2d 186 (rejecting State's argument that "basic principles of fairness" required court to order defendant to submit to second competency evaluation by State expert after neutral expert reported that defendant was incompetent).

¶ 13. Where the language of a statute is clear, we must enforce the statute by its terms, Wesco, Inc., 2004 VT 102, ¶ 14, and the language of this statute is clear. Section 4814 gives the court the authority to appoint an expert to conduct a competency evaluation. The State, like the

---

through an adversarial hearing."). However, the fact that the State is not entitled to have the court appoint its own expert to conduct a competency evaluation does not mean that the proceeding is not adversarial. See § 4816(f). The State remains free to retain an expert to assist in the presentation of the State's position in other ways short of conducting another competency evaluation, including assisting in the discovery, development, and presentation of other relevant evidence to introduce at a competency hearing.

[4] The trial court, in granting the State's request to have a State-selected psychiatrist conduct a competency evaluation of defendant, "acknowledge[d] that some other jurisdictions have adopted contrary rules." In particular, the court attempted to distinguish Bishop v. Caudill on two grounds. First, the court looked to the language of the Kentucky statute at issue and concluded that it "lacks any provision that contemplates that the prosecution will proffer substantial evidence at the hearing" and that the decision therefore was "of limited value." However, the Supreme Court of Kentucky, in interpreting its own laws, explained in Bishop that a competency hearing is "an evidentiary hearing at which all parties—the court, the defendant, and the prosecution—are entitled to examine the evaluator and the basis of the report." 118 S.W.3d at 163. Second, the court dismissed the Supreme Court of Kentucky's policy concerns because the court reasoned that the restrictions in 13 V.S.A. § 4816(d) would prevent the State from using incriminating statements as evidence in a criminal proceeding. However, according to the Supreme Court of Kentucky, the applicable Kentucky statute also precludes the prosecution from using a defendant's statements as evidence. Bishop, 118 S.W.3d at 163. The court below did not address the other policy concerns that the Kentucky court recognized in its consideration of this issue, and we find the Kentucky court's reasoning persuasive.

7

defendant, may move for the court to do so. The statute does not confer on the State or the defendant the right to an examination other than one ordered by the court,[5] and the defendant's right to an expert to assist in his or her defense and to provide an opinion on competency originates in due process. See Ake, 470 U.S. at 80, 83. Accordingly, we decline to read into this statute an expansion of the trial court's authority to order a competency evaluation beyond what is manifest on the face of the statute.

Reversed.

FOR THE COURT:

_____

Associate Justice

---

[5] We note that, although a defendant is entitled to its own defense expert to assist in his or her defense, including assistance on the issue of competency, the statutory examination conducted pursuant to 13 V.S.A. § 4814 must be neutral. Neither the State nor the defendant may seek to influence the conduct or outcome of a neutral competency evaluation.