NOTICE:  This opinion is subject to motions for reargument under V.R.A.P. 40 as well as formal revision before publication in the Vermont Reports.  Readers are requested to notify the Reporter of Decisions by email at: JUD.Reporter@vermont.gov or by mail at: Vermont Supreme Court, 109 State Street, Montpelier, Vermont 05609-0801, of any errors in order that corrections may be made before this opinion goes to press.

2022 VT 13

No. 2021-056

| | |
|---|---|
| State of Vermont | Supreme Court |
| | |
| | On Appeal from |
| v. | Superior Court, Grand Isle Unit, |
| | Criminal Division |
| | |
| Brent A. Boyajian | December Term, 2021 |

Robert A. Mello, J.

David Tartter, Deputy State's Attorney, Montpelier, for Plaintiff-Appellant.

Matthew Valerio, Defender General, and Joshua S. O'Hara, Appellate Defender, Montpelier, for Defendant-Appellee.

PRESENT:  Reiber, C.J., Eaton, Carroll and Cohen, JJ., and Zonay, Supr. J., Specially Assigned

¶ 1.      **REIBER, C.J.**  In this interlocutory appeal, we consider whether the superior court erred by denying the State's request to order a psychiatric evaluation of defendant Brent Boyajian before holding a competency hearing.  The State contends that 13 V.S.A. § 4817(b) requires the court to order an evaluation before holding a competency hearing when the court has reason to believe that a defendant may be incompetent due to mental disease or defect, and an evaluation by a defense-retained expert does not satisfy this requirement.  We agree, and therefore reverse and remand for further proceedings.

¶ 2.      We begin by recounting the relevant procedural history.  In November 2019, the State charged defendant with burglary of an occupied dwelling, misdemeanor possession of stolen

property, and simple assault of a protected professional. Defendant subsequently filed a motion to suppress evidence but asked the court to delay holding a hearing on the motion to allow defense counsel time to determine defendant's competency to stand trial, indicating that he planned to hire an expert.

¶ 3. At a status conference, defense counsel explained that defendant was raising the issue of competency because he had a significant traumatic brain injury and recently suffered an aneurysm. For this reason, counsel noted that defendant was being evaluated by a medical provider with a memory clinic that could perform neurological testing. Counsel explained that he was in the process of meeting with the experts to review their findings and asked the court for more time to decide whether to pursue the competency issue, which the court granted.

¶ 4. Defendant subsequently filed a formal notice raising the issue of competency. He also filed the report of the neuropsychological evaluation authored by defendant's experts: the clinician who conducted the evaluation and the licensed clinical psychologist who directed and supervised the evaluation. The experts' report concluded that "although [defendant] has many specific capacities necessary for adjudicative competence, his limitations in verbal memory and other aspects of cognitive processing are likely to create significant problems effectively communicating with counsel and assisting in his defense." The experts opined that defendant was therefore not competent to stand trial.

¶ 5. In response, the State filed a motion asking the court to order a psychiatric evaluation through the Vermont Department of Mental Health. See 13 V.S.A. § 4814(a) (providing that court "may order the Department of Mental Health to have the defendant examined by a psychiatrist" if any party raises issue of competency or if court believes there is doubt as to defendant's competency). The State argued that because the statute contemplates evaluation by a psychiatrist, the court should not rely only on the defense's neuropsychological evaluation in determining competency. Defendant countered that § 4814 gives the court discretion to order a

2

psychiatric evaluation and urged the court to order an additional examination only if it reviewed his experts' report and believed that competency was still at issue.

¶ 6. The superior court denied the State's request for an evaluation under § 4814. The court explained that if defendant's claim of incompetence was "based upon some alleged mental illness, the court would agree that the evaluation would have to be performed by a psychiatrist." However, because defendant was alleging incompetency due to neurocognitive impairment and neurodevelopmental abnormalities, the court reasoned that defendant's competency was "within the professional competence of a psychologist." The court concluded that it need not order a psychiatric evaluation and ordered that a competency hearing be scheduled.

¶ 7. The State moved for reconsideration, arguing that § 4814 does not require a defendant to claim incompetency from mental illness before a court orders a psychiatric evaluation. Additionally, the State argued that 13 V.S.A. § 4817(b), which provides for competency hearings, requires the court to order a psychiatric evaluation before holding a competency hearing when the court has reason to believe that the defendant may be incompetent due to a mental disease or defect. It posited that defendant's claim of incompetency was based on mental defect and therefore § 4817(b) required the court to order a psychiatric evaluation. The State further asserted that the court's decision not to order an evaluation did not sufficiently protect the State's interest in an adequate determination of competency.

¶ 8. The court denied the State's motion. The court maintained that it had discretion to order a psychiatric examination under § 4814(a). It further explained that § 4817(b) does not require a psychiatric evaluation in every instance where a competency determination must be made. Instead, it reasoned that § 4817(b) ensures that where a court orders a psychiatric evaluation in its discretion under § 4814, the competency hearing may not be held until the evaluation is complete and the psychiatrist's report has been filed. The court reiterated its conclusion that a psychiatric evaluation was not needed and that the matter would proceed to a competency hearing.

3

¶ 9. Subsequently, the State filed a motion for interlocutory appeal regarding whether 13 V.S.A. § 4817(b) required the court to order a psychiatric evaluation in accordance with § 4814(a) before holding the competency hearing, and whether defendant's claimed condition constituted a mental defect. Defendant opposed the motion. After a hearing, the court granted the State's motion for interlocutory appeal and cancelled the scheduled competency hearing.

¶ 10. We begin by addressing defendant's argument that the State lacks standing to bring this appeal because it has failed to allege an injury to its interest in an accurate competency determination. Concluding that the State has standing to pursue this appeal, we turn to the State's argument that the trial court violated 13 V.S.A. § 4817(b) by proceeding with a competency hearing without first ordering a psychiatric evaluation under § 4814(a) because the court had reason to believe defendant may be incompetent due to mental disease or defect. We conclude that the court had a duty to order an evaluation under these circumstances and that the defense-retained expert evaluation did not substitute for the neutral evaluation required by statute here.

## I. Standing and Ripeness

¶ 11. Defendant argues that the State lacks standing to bring this appeal because it has not suffered an injury. See Franklin Cnty. Sheriff's Off. v. St. Albans City Police Dep't, 2012 VT 62, ¶ 11, 192 Vt. 188, 58 A.3d 207 (identifying injury as element of standing); see also Paige v. State, 2018 VT 136, ¶ 10, 209 Vt. 379, 205 A.3d 526 (explaining that standing is jurisdictional issue that may be raised at any time). Defendant argues that the State failed to allege an injury to its interest in an accurate competency determination because it had not demonstrated why the defense's experts' report would lead to an inaccurate outcome. To the extent that the State seeks on appeal to undermine the conclusions of the defense's experts, defendant argues that those claims are not ripe because the court has yet to rule on competency. He further argues that because § 4817(b) does not require the court to order an evaluation before holding a competency hearing, the State cannot rely on the lack of this evaluation to show injury.

4

¶ 12.    "An injury for standing purposes means the invasion of a legally protected interest, not a generalized harm to the public." Franklin Cnty. Sheriff's Off., 2012 VT 62, ¶ 14. When competence to stand trial is at issue, the State's interest is not in convicting a defendant of a crime, but in ensuring that an incompetent defendant's due process rights are not violated by being tried. See State v. Beaudoin, 2008 VT 133, ¶ 8, 185 Vt. 164, 970 A.2d 39 ("Trying an incompetent defendant deprives [the defendant] of [the] due process right to a fair trial." (citing Pate v. Robinson, 383 U.S. 375, 385 (1966)); 13 V.S.A. § 4817(a) ("A person shall not be tried for a criminal offense if he or she is incompetent to stand trial."). Vermont law protects this due process right by providing a framework to resolve disputes over competency in 13 V.S.A. §§ 4814-4817, which includes provisions through which a court may order a psychiatric examination and hold a competency hearing. In State v. Sharrow, this Court analyzed this process in the context of the State's argument that it was entitled to hire its own expert to evaluate a defendant after the defendant had undergone a court-ordered competency evaluation under § 4814. 2017 VT 25, ¶ 4, 205 Vt. 300, 175 A.3d 504. In determining that the statute did not entitle the State to its own evaluation, we explained that the State's interests are protected by its ability to either endorse or challenge the conclusions of the court-ordered, neutral evaluation. Id. ¶ 11. We used the descriptor "neutral" to differentiate between a court-ordered evaluation under § 4814, "as opposed to an expert retained by either the State (prosecution) or the defendant." Id. ¶ 1 n.1.

¶ 13.    Here, the State contends that the court impeded the interest recognized in Sharrow because the statute mandates a neutral evaluation and an evaluation by defendant's experts does not satisfy that requirement. Without a neutral evaluation, the State maintains that the competency determination cannot be said to be as accurate as possible. For the same reason, the State asserts that this issue is ripe because regardless of the court's determination on competency, it would be reached without a neutral evaluation.

¶ 14.   We agree that the State has sufficiently alleged injury and therefore has standing to bring this appeal.  The State asserts a colorable claim that § 4817(b) required the court to order a neutral psychiatric evaluation and that by failing to order this evaluation, the trial court impeded the State's interest in an accurate determination of competency.  Defendant's argument to the contrary—that the State lacks standing because the statute contains no such requirement— "collapse[s] the standing question into the merits" of the statutory question.  Maier v. Maier, 2021 VT 88, ¶ 10, __ Vt. __, 266 A.3d 778; see also Wool v. Off. of Pro. Regul., 2020 VT 44, ¶ 11, 212 Vt. 305, 236 A.3d 1250 ("[S]tanding and the merits are separate inquiries, such that the former does not depend on the latter.").

¶ 15.   Further, we disagree with defendant's contention that the State's claim is not ripe because the trial court has not yet held a competency hearing.  As the State explains, regardless of the outcome of the hearing, the court's decision would be reached without a neutral evaluation. For this reason, the State's claim is ripe.  See Turner v. Shumlin, 2017 VT 2, ¶ 9, 204 Vt. 78, 163 A.3d 1173 (per curiam) (explaining that "[a] claim is not constitutionally ripe if the claimed injury is conjectural or hypothetical rather than actual or imminent" and noting that doctrines of standing and ripeness are closely related).

## II.  Psychiatric Evaluation

¶ 16.   We next turn to the merits of the State's appeal, which concerns the proper interpretation of 13 V.S.A. § 4817(b).  We review the trial court's interpretation of a statute without deference.  Sharrow, 2017 VT 25, ¶ 4.  Our goal is to discern the intent of the Legislature.  State v. Davis, 2020 VT 20, ¶ 47, 211 Vt. 624, 230 A.3d 620.  Because § 4817(b) is one component of a broader statutory scheme, to determine legislative intent, "we must examine and consider fairly, not just isolated sentences or phrases, but the whole and every part of the statute, together with other statutes standing in pari materia with it, as parts of a unified statutory system."  State v. Berard, 2019 VT 65, ¶ 12, 211 Vt. 39, 220 A.3d 759 (quotation omitted).  We start with the plain

6

language of the statute, and if the plain language is clear, we enforce the statute according to its terms. State v. Richland, 2015 VT 126, ¶ 6, 200 Vt. 401, 132 A.3d 702. If the plain language is ambiguous, we consider "its subject matter, effects[,] and consequences, as well as the reason and spirit of the law." Berard, 2019 VT 65, ¶ 12 (quotation omitted).

¶ 17. We begin by summarizing the statutory scheme, which outlines the process through which courts make mental competency and sanity determinations. As relevant to this case, § 4814(a) provides that in a criminal case, a court "may order" a psychiatric evaluation through the Department of Mental Health at any time when the defendant, the State, or the defendant's representative raises the issue of competency or when the court believes there is doubt as to the defendant's competency to stand trial. 13 V.S.A. § 4814(a). The court may order an evaluation on its own accord or in response to a motion by the defendant, defendant's representative, or the State. Id. § 4814(b).

¶ 18. Section 4815 explains the initial process. It provides that, upon a motion for examination, the court shall order an initial mental-health screening by a professional at court that same day, unless the screening cannot be completed within two hours of the defendant's appearance. Id. § 4815(d)-(e). After reviewing the screener's recommendation and considering "the facts and circumstances surrounding the charge and observations of the defendant in court," if the court finds sufficient evidence, an evaluation "may be ordered to be completed in the least restrictive environment deemed sufficient to complete the examination." Id. § 4815(f). Section 4815 provides for inpatient examination under certain circumstances. Id. § 4815(g).

¶ 19. Section 4816 describes the scope of the evaluation and how it may be used in court. If the defendant is thought to have a developmental disability, the evaluation should include "a current evaluation by a psychologist skilled in assessing individuals" with such disabilities. Id. § 4816(b). After the evaluation is complete, the statute directs the psychiatrist (and psychologist, if applicable) to prepare a report containing findings regarding competency or sanity. Id.

7

§ 4816(c)(1). The report must be admitted into evidence and "shall be conclusive on the issue if agreed to by the parties and if found by the court to be relevant and probative on the issue." Id. § 4816(e).[1]

¶ 20. Section 4817(a) prohibits an incompetent person from being tried for a criminal offense. Section 4817(b) carries out that purpose by requiring a dispute about competency to be resolved through an adversarial hearing. In re Hanson, 160 Vt. 111, 114, 623 A.2d 466, 467-68 (1993). But see infra, ¶¶ 25-26 (noting that court is not required to hold hearing in all instances). Section 4817(b) provides:

> If a person indicted, complained, or informed against for an alleged criminal offense, an attorney or guardian acting in his or her behalf, or the State, at any time before final judgment, raises before the court before which such person is tried or is to be tried, the issue of whether such person is incompetent to stand trial, or if the court has reason to believe that such person may not be competent to stand trial, a hearing shall be held before such court at which evidence shall be received and a finding made regarding his or her competency to stand trial. However, in cases where the court has reason to believe that such person may be incompetent to stand trial due to a mental disease or mental defect, such hearing shall not be held until an examination has been made and a report submitted by an examining psychiatrist in accordance with sections 4814-4816 of this title.

13 V.S.A. § 4817(b).

¶ 21. The State argues that the plain language of § 4817(b) is clear: it mandates that when the court has reason to believe that a defendant may be incompetent to stand trial due to a mental disease or defect, the court must order a psychiatric evaluation and receive the report of that evaluation before holding a competency hearing. The State points to several cases in which we

---

[1] Although not part of the statute, Vermont Rule of Criminal Procedure 16.1 provides that if the court-ordered examiner determines that a defendant is not competent to stand trial, the court may require the defendant to "submit to a reasonable mental examination by a psychiatrist or other expert" as part of the defense's disclosures to the prosecution. V.R.Cr.P. 16.1(a)(1)(J). This provision became effective in July 2021, after the trial court issued the decision challenged here. See 2021, No. 57, § 4.

have explained that "[u]nder 13 V.S.A. § 4817(b), the trial court must order an evaluation prior to the competency hearing only if it has reason to believe the defendant may be incompetent to stand trial." State v. Welch, 159 Vt. 272, 276-77, 617 A.2d 427, 430 (1992); see also State v. Lockwood, 160 Vt. 547, 555, 632 A.2d 655, 661 (1993) ("The trial court has a duty to order a psychiatric examination and conduct a competency hearing if there is 'reason to believe that [the defendant] may be incompetent to stand trial.' " (quoting 13 V.S.A. § 4817(b))); accord State v. Merchant, 173 Vt. 249, 254, 790 A.2d 386, 391 (2001); State v. Davis, 165 Vt. 240, 247, 683 A.2d 1, 6 (1996).

¶ 22.    The plain language of 4817(b) says that when the court has reason to believe that a person may be incompetent due to mental disease or defect, it "shall not" hold a hearing until an examination is conducted and it receives the psychiatrist's report.   13 V.S.A. § 4817(b). "Generally, the imperative 'shall' indicates that the provision is mandatory." State v. Hemingway, 2014 VT 48, ¶ 11, 196 Vt. 441, 97 A.3d 465.  However, the mandatory nature of the requirement is made ambiguous because § 4817(b) also provides that the evaluation is to be ordered and the report received in accordance with §§ 4814-4816.  13 V.S.A. § 4817(b); see generally Sharrow, 2017 VT 25 (illustrating that § 4814 governs requests for court-ordered competency evaluations). Section 4814(a) lists the circumstances in which the court "may" order a competency evaluation, including when the court believes there is doubt as to the defendant's mental competency to stand trial.  13 V.S.A. § 4814(a).  "The plain, ordinary meaning of the word 'may' indicates that [a] statute is permissive and not mandatory." In re D.L., 164 Vt. 223, 234, 669 A.2d 1172, 1180 (1995).  Indeed, we have emphasized that "the trial court has discretion to make the determination whether to order an evaluation [under § 4814(a)] on the basis of the evidence before it." Merchant, 173 Vt. at 255, 790 A.2d at 392.  Thus, when read together with § 4814, § 4817(b) is ambiguous as to whether it requires the court to order a psychiatric evaluation before holding a competency hearing when it has reason to believe the defendant may be incompetent, or, alternatively, whether

it merely specifies the timing of the evaluation and report in relation to the competency hearing when the court decides in its discretion to order an evaluation.

¶ 23.    We accordingly turn to consider the entire statute, along with its purpose and consequences.  See Berard, 2019 VT 65, ¶ 12.  The statutory scheme in 13 V.S.A. §§ 4814-4817 protects the due process right to a fair trial by ensuring that only competent defendants stand trial.  See Beaudoin, 2008 VT 133, ¶ 8 ("Trying an incompetent defendant deprives [the defendant] of [the] due process right to a fair trial."); Hanson, 160 Vt. at 114, 623 A.2d at 468 ("The manifest purpose of § 4817(b) is to prevent the trial of a defendant who is not competent to stand trial . . . .").  To establish competence to stand trial, due process requires that a defendant have " 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him.' "  State v. Tribble, 2005 VT 132, ¶ 10, 179 Vt. 235, 892 A.2d 232 (quoting Dusky v. U.S., 362 U.S. 402, 402 (1960) (per curiam)).  Thus, where competency is disputed, the statute contemplates that the issue should be resolved through an adversarial hearing.  Hanson, 160 Vt. at 114, 623 A.2d at 467-68.  And in many cases, a psychiatric evaluation may assist the court by providing insight into a defendant's condition that is not readily observable.  See Ake v. Oklahoma, 470 U.S. 68, 80 (1985) (explaining, in context of sanity evaluation, that "psychiatrists can identify . . . elusive and often deceptive symptoms" and explain "why their observations are relevant" (quotation omitted)).

¶ 24.    While competency is a threshold requirement for prosecution, the issue does not always arise at the beginning of proceedings.  Section 4817(b) recognizes that competency may be raised "at any time before final judgment."  13 V.S.A. § 4817(b); see also id. § 4814(a) (providing that court may order psychiatric evaluation "at any time before, during, or after trial, and before final judgment").  Once competency is put at issue, it must be resolved before further proceedings and cannot be "left hanging in limbo."  State v. Hackett, 141 Vt. 223, 227, 446 A.2d 369, 372 (1982).  If the court subsequently determines that a defendant is competent to stand trial,

the court must remain "alert to changed circumstances that would indicate the need for a new determination of competency." Lockwood, 160 Vt. at 555, 632 A.2d at 660 (citing Drope v. Missouri, 420 U.S. 162, 181 (1975)).

¶ 25. Neither the statute nor the requirements of due process mandate that a court hold a competency hearing or order a psychiatric evaluation every time the issue is raised. Instead, the law contemplates that the court has discretion over whether to hold a competency hearing or order a psychiatric evaluation based on the evidence before it. Welch, 159 Vt. at 276-77, 617 A.2d at 430. The statute does not set forth specific factors for the trial court to consider, but the inquiry may include " 'evidence of a defendant's irrational behavior, [the defendant's] demeanor at trial, and any prior medical opinion on competence to stand trial.' " Merchant, 173 Vt. at 255, 790 A.2d at 391 (quoting Drope, 420 U.S. at 180). The U.S. Supreme Court has recognized that there are "no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed; the question is often a difficult one in which a wide range of manifestations and subtle nuances are implicated." Drope, 420 U.S. at 180.

¶ 26. Accordingly, we have concluded that a trial court acts within its discretion to deny a defendant's request for a competency hearing or psychiatric evaluation if the defendant fails to present evidence that would give the court a reasonable basis to question competency. See Merchant, 173 Vt. at 256, 790 A.2d at 392 (noting that evidence of incompetency was "scarce and uncorroborated"); Davis, 165 Vt. at 248, 638 A.2d at 6 (explaining that "[d]efendant's acts, combined with the competency findings, did not create reasonable grounds to doubt defendant's competency"); State v. Ives, 162 Vt. 131, 141, 648 A.2d 129, 135 (1994) (concluding that court did not abuse discretion in denying motion for second evaluation and hearing where psychiatrist twice evaluated defendant and concluded he was competent, and defendant failed to offer contradictory evidence).

11

¶ 27. However, the court's discretion is curbed when the evidence gives the court reason to believe that the defendant may be incompetent to stand trial. When reasonable grounds to doubt a defendant's competency exist, we have explained that "the trial court has a duty to order a psychiatric examination and conduct a competency hearing." Lockwood, 160 Vt. at 554, 632 A.2d at 660 (emphasis added); accord Davis, 165 Vt. at 247, 683 A.2d at 6; Merchant, 173 Vt. at 254, 790 A.2d at 391. This obligation arises not only under 13 V.S.A. § 4817(b) but as a matter of due process. See Pate, 383 U.S. at 385-86 (concluding that where some evidence tended to show that defendant was incompetent to stand trial, court's failure to hold competency hearing violated defendant's due process right to fair trial); Drope, 420 U.S. at 180 (reversing conviction where evidence of petitioner's suicide attempt, considered together with other evidence and testimony, "created a sufficient doubt of his competence to stand trial to require further inquiry on the question" and lower court failed to determine competency before continuing trial).

¶ 28. Thus, we hold that once the court has reason to believe that a defendant may be incompetent to stand trial due to mental disease or defect, 13 V.S.A. § 4817(b) requires the court to order a neutral psychiatric evaluation pursuant to § 4814 before holding a competency hearing. If the evidence before the court establishes reason to believe a defendant may be incompetent, the court no longer has discretion to deny a request for the psychiatric evaluation. The evaluation must be completed and the report filed with the court before the competency hearing is held.[2]

_____

[2] While the plain language of § 4817(b) contemplates that the court ordinarily must hold a competency hearing after the psychiatric examination is complete and the report is submitted, we have held that a hearing need not be held in narrow circumstances. See State v. O'Connell, 149 Vt. 114, 117, 540 A.2d 1030, 1032 (1987) (holding evidentiary hearing not required where "(1) the initial doubt as to competency arises with the trial court itself; (2) the order for a psychiatric report is initiated by the trial court based on its own doubt; (3) the report concludes that the defendant is competent to stand trial; [and] (4) the issue of competency is not raised by either party prior to final judgment."). Our holding in this case is not intended to affect this prior precedent.

12

¶ 29.    Defendant's argument to the contrary is unpersuasive.  Defendant notes that the first sentence of § 4817(b) provides that a competency hearing shall be held in two circumstances: (1) where any party raises the issue of competency, or (2) where the court itself has reason to believe that the defendant may be incompetent.  Then, the second sentence of § 4817(b) states: "However, in cases where the court has reason to believe [the defendant] may be incompetent to stand trial," the court must order a psychiatric evaluation under § 4814 before holding the competency hearing.  13 V.S.A. § 4817(b).  Defendant argues that because the statute uses the word "however," it differentiates between the two circumstances and only requires the court to order a psychiatric evaluation when the court itself initiates the competency inquiry, not when the defendant or the State first raises the issue.

¶ 30.    We disagree, as defendant's proposed interpretation places inordinate emphasis on the word "however."  In determining legislative intent, "[w]e will not interpret a single word or phrase in isolation from the entire statutory scheme."  State v. Blake, 2017 VT 68, ¶ 9, 205 Vt. 265, 174 A.3d 126.  Defendant's interpretation is at odds with the clear legislative intent to protect defendants' constitutional rights by ensuring that the court orders a psychiatric evaluation when it has reasonable doubt about a defendant's competency.  While the court may initially have no reason to believe that a defendant is incompetent, the defendant's behavior or other evidence, including evidence presented by the defendant in a motion for a competency hearing or evaluation, could later cause the court to believe otherwise.  Indeed, the court has an ongoing obligation to respond to evidence indicating that competency may be at issue, even after competency has been determined.  Lockwood, 160 Vt. at 554-55, 632 A.2d at 660.  It would not make sense to interpret the statute to require a psychiatric evaluation only where the court itself initiates the competency inquiry and not in instances where a party raises the issue and, based on the evidence presented, the court determines that it has reason to believe that the defendant may be incompetent.  Under defendant's proposed interpretation, a court could avoid ordering a competency evaluation, no

13

matter how strong the evidence of potential incompetence, merely because the defendant or the State first raised the issue of incompetency. Such a holding would be inconsistent with the requirements of due process. See Pate, 383 U.S. at 378 (noting that conviction of incompetent person violates due process, and "state procedures must be adequate to protect this right"); Berard, 2019 VT 65, ¶ 16 (explaining that Court avoids construction of statute that raises constitutional concerns if possible). Under the statutory scheme, the Legislature clearly intended the requirement for a neutral psychiatric evaluation to turn on the court's reasonable belief, regardless of how the inquiry was initiated. See Hanson, 160 Vt. at 114, 623 A.2d at 468 (rejecting argument that court should have held competency hearing because State, not court, raised issue of competency, and explaining that "[t]he keystone is the court's responsiveness to the competency question, whenever and however it is raised").

¶ 31.     Further, we reject the trial court's interpretation that § 4817(b) only requires a court to order an evaluation when the incompetency claim involves mental illness. By its terms, § 4817(b) requires an evaluation when the court has reason to believe that a defendant may be incompetent "due to a mental disease or mental defect." 13 V.S.A. § 4817(b). For purposes of the insanity defense, Chapter 157 of Title 13 defines "mental disease or defect" to "include congenital and traumatic mental conditions as well as disease." Id. § 4801. While the statute does not expressly apply this definition to competency, "[w]hen the same word is used in various sections of the act, or in statutes in pari materia, it will bear the same meaning throughout, unless it is obvious that another meaning was intended." State v. Welch, 135 Vt. 316, 321, 376 A.2d 351, 354 (1977). Defendant does not argue, nor do we discern any obvious reason, why the phrase "mental disease or defect" should not encompass congenital or traumatic mental conditions or carry a different meaning with regards to competency.

¶ 32.     Applying these principles to this case, we conclude that the trial court had reason to believe that defendant may be incompetent due to mental disease or defect, and therefore erred

14

by denying the State's motion to order a psychiatric evaluation. While the trial court did not make an explicit finding, the record indicates that the court had reason to question defendant's competence. Defendant's claim of incompetence was based on neurocognitive impairment due to traumatic brain injury from a car accident, a cerebral aneurysm, and other neurodevelopmental abnormalities. After a clinician examined defendant under the supervision of a licensed clinical psychologist, the experts prepared a detailed report that explored defendant's social, medical, psychiatric, substance-use, and legal history, and evaluated his cognitive and neuropsychological functioning. The experts ultimately opined that defendant was not competent to stand trial. Although it is not necessary for defendants to undergo an evaluation to raise a reasonable doubt as to their competence, the experts' opinion clearly warranted further inquiry by the court in this case. See Drope, 420 U.S. at 180 (explaining that prior medical opinion on competence to stand trial is relevant factor and, in some circumstances, may be sufficient standing alone to warrant further inquiry); cf. Welch, 159 Vt. at 277, 617 A.2d at 430 (explaining that court acted within discretion to deny motion for additional evaluation where previous evaluation determined that defendant was competent, defendant stipulated to competency finding, and defendant's expert's testimony on issue was ambivalent).

¶ 33. Defendant argues that there is no need for the court to order an additional evaluation because the State has an opportunity to challenge the experts' findings and conclusion at the competency hearing. He further notes that there is no evidence that his expert relied on incorrect or insufficient data, or otherwise erred in its evaluation. Indeed, the trial court acknowledged that defendant's experts had opined that defendant was incompetent to stand trial and determined that "another evaluation . . . would not appear to be necessary or helpful." The issue, however, is not the validity of the experts' report or whether an additional evaluation would be helpful, but whether an evaluation pursuant to statute is required. Defendant presented sufficient evidence of incompetency to trigger the court's duty to order an evaluation under § 4814(a). Although

15

defendant underwent an evaluation and submitted a report by his experts, for the following reasons, we hold that this evaluation is not equivalent to the neutral psychiatric evaluation required by § 4814 and therefore cannot satisfy that requirement.

¶ 34. When interpreting a statute, "we presume that all language . . . was drafted advisedly, and that the plain ordinary meaning of the language used was intended." Richland, 2015 VT 126, ¶ 6 (quotation omitted). The plain language of 13 V.S.A. § 4814(a) states that examinations ordered pursuant to statute are to be conducted by a psychiatrist through the Department of Mental Health. 13 V.S.A. § 4814(a). Moreover, § 4816(b) explains that when a defendant is thought to have developmental disabilities, the psychiatric evaluation must be supplemented by a psychological evaluation, indicating that the Legislature intentionally determined which mental-health professionals should conduct competency evaluations. Id. § 4816(b). For this reason, defendant's prior examination by a licensed clinical psychologist does not suffice under the statute.

¶ 35. More importantly, defendant's experts are not neutral. We do not suggest that defendant's experts are unqualified or biased, or that their opinions are not relevant to the competency issue. Our precedent explains that a defendant's expert plays an important—even constitutionally mandated—role in helping the court determine competency. In Sharrow, when considering whether the statute entitled the State to an additional evaluation of a defendant after a previous court-ordered evaluation had been completed, we distinguished between experts hired by a defendant or the State, and a neutral expert appointed by the court to examine a defendant under § 4814. 2017 VT 25, ¶ 1 n.1. We explained that "a defendant whose competency has been called into question has a constitutionally based right to hire, with state funding, a defense-retained mental health expert to assist in his or her defense in order to guard against the possibility of an erroneous determination of competency." Id. ¶ 9. We held that § 4814 "does not confer on the State or the defendant the right to an examination other than one ordered by the court," but clarified

16

that the defendant's right to an expert to assist in their defense originates in due process and not the statute, emphasizing that "the statutory examination conducted pursuant to 13 V.S.A. § 4814 must be neutral." Id. ¶ 13 & n.5.

¶ 36. Our reasoning in Sharrow demonstrates why defendant's experts' evaluation cannot stand in the shoes of a court-ordered neutral evaluation under § 4814. As a matter of due process, defendant is entitled to an expert to assist in his defense and to avoid an erroneous determination of competence; this expert is inherently not neutral. Defendant may rely on his experts' report and testimony at the competency hearing. See 13 V.S.A. § 4816(f) (explaining that introduction of psychiatric report ordered under § 4814(a) "shall not preclude either party or the court from . . . calling witnesses or introducing other relevant evidence"); see also State v. Bean, 171 Vt. 290, 295, 762 A.2d 1259, 1263 (2000) (noting that defendant was "evaluated several times by various physicians" and called psychologist to testify in his defense). Hearing testimony and evaluating reports from multiple experts may help the court in making an accurate determination of competency, as different experts may reach different conclusions. See Drope, 420 U.S. at 180 (recognizing "varying opinions trained psychiatrists can entertain on the same facts"); see also Ake, 470 U.S. at 80 (noting that psychiatry is not exact science but explaining that psychiatrists "gather facts," "analyze the information," "draw plausible conclusions," "offer opinions," and "know the probative questions to ask of the opposing party's psychiatrists and how to interpret their answers"). But where the court has a duty to order an evaluation under § 4817(b), the court must order a psychiatrist from the Department of Mental Health to conduct the evaluation, as required by § 4814(a).[3]

---

[3] Because the State contested the opinion of defendant's experts and sought a court-ordered competency evaluation under § 4814, this appeal does not ask to us to consider whether the trial court may make a competency determination based upon a defense-retained expert's report where the State and defense stipulate to a finding of incompetence. Cf. 13 V.S.A. § 4816(e) (providing that once court orders psychiatric evaluation, report shall be admitted into evidence and

17

¶ 37.    The answer to the certified question is that under 13 V.S.A. § 4817(b), when the court has reason to believe that a defendant may be incompetent due to mental disease or defect, whether based on its own observations or other evidence presented, the court is then required to order a neutral psychiatric evaluation pursuant to § 4814(a), and the psychiatrist's report must be received by the court before it can hold a competency hearing.[4]   In this case, after evaluating defendant, his experts opined that he was not competent to stand trial due to neurocognitive impairment or neurodevelopmental abnormalities; this evidence sufficed to require the court to order a psychiatric evaluation.  The court therefore erred by denying the State's request to order an evaluation.

Reversed and remanded for proceedings consistent with this opinion.

FOR THE COURT:

_____

Chief Justice

psychiatrist's opinion "shall be conclusive on the issue [of competency] if agreed to by the parties and if found by the court to be relevant and probative on the issue."

[4]  The State's motion for interlocutory appeal listed a second question: whether defendant's claimed condition constituted a mental defect.  Because the State did not pursue this issue on appeal, we do not address this question.

18